ALBANY,
January, 1818.

Coons
v.
M'Manus.

Judgment reversed.

</div>

(*a*) Vide *Moody* v. *Payne,* 2 *Johns. Ch. Rep.* 548,

<div style="text-align:center">—◦✳◦—</div>

## Coons *against* M'Manus.

*RICE* moved for an attachment against the sheriff for not bringing in the body of the defendant in this cause. The rule on the sheriff for that purpose was served on him the 29th of *October,* before the expiration of *twenty* days after the term. The defendant treated the rule as a nullity.

*Marcy,* for the defendant, contended, that the plaintiff had no right to enter the rule until the twenty days after term had expired.

<div style="margin-left:2em">

The rule on the sheriff to bring in the body of the defendant, cannot be served until 20 days after the term in which the writ is returned, have expired: and *it seems* that the rule ought not to be entered before the expiration of that time.

</div>

SPENCER, J.  Though you may enter the rule before the expiration of the twenty days after the term, yet it cannot be served until that time has expired.

VAN NESS, J.  I think the rule ought not to be entered until after the twenty days have expired, for there is no default until that time.  The plaintiff cannot take an assignment of the bail bond until after the expiration of twenty days after term, which is the time allowed for putting in special bail ; and, by analogy, the rule for bringing in the body of the defendant ought not to be entered before the expiration of the twenty days.  It clearly could not be served on the sheriff before the end of that time.

*Per Curiam.*  The motion must be denied.