ALVAN CARTER *v.* GILES L. TALCOTT and ASA B. PERNO.

It *seems* that an attorney, as such, has no authority to bind his client, by a discharge, without satisfaction, of a debt due the client.

At all events, an attorney's clerk cannot bind the client by such a discharge.

THIS was an action of debt, on jail bond.

Plea—*Non est factum,* and in bar, that the debtor went at large by the permission of the creditor. These issues were joined, by agreement of parties, to the court. The plaintiff proved the execution of the bond, and the existence of the record set forth in his writ, and the escape.

The defendant proved the execution of a writing, dated before the escape, signed by one Jackson A. Vail, a clerk in the office of L. B. Peck, Esq. the attorney of record, agreeing, in substance, not to put the bond in question in suit for three months from the date of the writing, and agreeing to accept certain notes therein specified, in satisfaction of the bond.

Neither the attorney of record, whose name was endorsed on the execution, nor said Vail, had any special authority in relation to the management of the demand, which was left with said Peck, in the ordinary mode, for collection. The said Vail sustained the ordinary relation of clerks in lawyers' offices in this state, and did the writing principally in the justice cases, and made up the judgments and executions. It did not appear that the said Peck was absent from home, nor that he was or was not consulted about the aforesaid writing. Upon these facts the court rendered judgment for the plaintiff, and the defendant excepted.

*P. Dillingham jr.,* for defendant.

1. The writing, given by Vail in this case, if he had authority to make it, was a license to Talcott to leave the limits. *Conant* v. *Patterson,* 7 Vt. R. 163.

2. If the attorney of record had executed the writing in question, there could be no doubt that it would be equally binding and operative, as though executed by the creditor himself.

3. In this state, students and clerks in attorneys' offices, are general agents for such attorneys, in the transaction and management of all the justice business done in their offices;

WASHINGTON, and whenever they give any directions to officers, make
March,
1838.          endorsements on executions, give receipts for money re-

Carter          ceived, stay executions, or make any arrangements with de-
v.          fendants in the management of this class of business, their
Talcott et al. doings are, by all concerned, considered valid and binding,
and the law should be so settled, for the security of debt-
ors;—otherwise, they will often suffer without remedy ;
while, under such rule, creditors will always have their rights
protected,—leaving the responsibility of the doings of the
clerk on the atttorney, where it ought to belong.

*L. B. Peck,* for plaintiff.

1. If the act of Vail, in giving the writing, is to be regar-
ded as the act of the attorney, the creditor is not to be affec-
ted by it, as the attorney exceeded his authority. *Jackson*
v. *Bartlett,* 8 Johns. R. 361. *Kellogg* v. *Gilbert,* 10 do.
220. *Penniman* v. *Patchin,* 5 Vt. R. 346.

2. At all events, the creditor is not bound by the act of
Vail, as it does not appear that the act was authorized by
the attorney. The writing, having been given without the
knowledge of the creditor or his attorney, for aught that ap-
pears, constitutes no defence to this action, as the escape
was without the creditor's assent.

The opinion of the Court was delivered by

PHELPS, J.—It is well settled that the writing in question
will, if the plaintiff is bound by it, defeat this action. *Co-
nant* v. *Patterson et al.* 7 Vt. R. 163.

But the authority of an attorney to bind his client, by such
a proceeding, may well be doubted. The powers of an at-
torney were considered in the case of *Penniman* v. *Patchin,*
5 Vt. R. 346. We are satisfied with the view there taken of
this subject. And, although we are disposed to concede to an
attorney a certain latitude of discretion in the discharge of
his duty, yet we cannot admit his authority to bind his client,
by a contract, which necessarily involves a breach of trust,
and is, in effect, a discharge of the client's debt, without sat-
isfaction.

If there were any doubt on this point, there is clearly
none as to the powers of the attorney's clerk. We are not
aware that any authority appertains to the station of an at-
torney's clerk. He may, like other clerks, derive an author-

ity from actual employment, which will be commensurate <span></span>
with that employment.   So far as he is entrusted with the
management and control of the attorney's business, he may
bind his master.   But an authority derived from this source
must be proved.   It does not appertain, of course, to the
station of clerk.   The case shows that Vail was employed,
in this instance, to do the writing, make up the judgments,
&c., but this confers no authority to control the process, in
the hands of an officer, or to assume the direction of a suit.
Before even the attorney can be bound by this paper, it
must be proved that Vail was empowered to control the bu-
siness of the office, to give directions as to the execution of
process, and to make contracts in behalf of clients.   As noth-
ing of this sort appears, the transaction was clearly unau-
thorized, and does not bind the plaintiff.

Judgment affirmed.