HENDERSON HARDY et ux. *v.* SAMUEL J. GHOLSON.

The filing of the demurrer to the plea was unnecessary, as every objection to it which could have been raised under the demurrer, could have been taken by setting the plea down for hearing.

Every presumption is to be indulged as to the correctness of the facts upon which the decree of a court of competent jurisdiction is founded, and which appear of record. The record proves itself and cannot be questioned, except on writ of error or appeal.

The petition filed is not a bill of review, under the act of 1846, because it does not present the essential requisites of such a proceeding, and was filed before that act was passed, and is not applicable to such cases.

ON appeal from the probate court of Monroe county; Hon. W. A. Tucker, probate judge.

The opinion of the court contains a statement of the facts of the case.

*R. Davis*, for appellants.

The demurrer should have been sustained, as the plea presented no issue, or one of law only; and that was, whether the recital in the order of the probate court was conclusive or not. By the demurrer, the question was raised as to its conclusiveness; and it was determined by the court, that you could not go behind the order of court. The following case is considered decisive of this: *Neal* v. *Willons*, 12 S. & M. 650.

But if the demurrer was correctly overruled, and I should have joined issue, then the decision of the court was wrong. The judgment should have been *respondeat ouster*, and not that the petition be dismissed.

*A. Burwell*, for appellee.

The petition does not point out any specific errors in the final account, or any items which ought to have been disallowed, or any charges that ought to have been made against the administrator. The petition is in the nature of a bill to surcharge and falsify the final account, and seeks a new account, on the ground that the account rendered is false and unjust, and that

"notice was not given, as the statute requires, to bring in the parties interested."

There is no averment that the petitioners had no notice of the final account. The final account was rendered and settled, and the administrator discharged on the 18th April, 1842. This petition was filed first Monday of April, 1851, just nine years thereafter. The petitioners, with full notice themselves, (for there is no averment to the contrary,) acquiesce for nine years. The question is, Can the parties who had notice, after the lapse of nine years, set aside the judgment on the general allegation, that notice was not given according to the statute, so as to bring in other parties, who make no complaint? The judgment may be valid and binding as to one party, and invalid as to another. As to the party served with process, the judgment is binding, and I apprehend it is too clear for argument, that the party bound could not avoid on the allegation that the other was not. "A decree of any court, affecting and determining the rights of parties, without notice to those parties, or without the notice required by law in such cases, is null and void as to them. It is competent for parties so aggrieved, to move such court, by fit and appropriate modes of proceeding, to set aside and annul such decree." 12 S. & M. 651.

The parties aggrieved are certainly not those who had notice, and of whom the court had jurisdiction.

But the record shows that due notice was given. The language is: "And it appearing to the satisfaction of the court now here, from due proof, that due and legal notice had been given by the said Samuel J. Gholson, of this application," &c. *Austin* v. *Lamar*, 1 Cushm. 190, decides, that settlements with the court are conclusive as judgments, and cannot be called in question, except by appeal or writ of error; and that the act of 1846, allowing bills of review, does not apply to any final settlement before the act.

*Singleton* v. *Garrett*, 1 Cushm. 196, is direct to the point, that the recital in the record that "due notice had been given, is sufficient to constitute the proceeding a record, and the order a judgment," conclusive of course.

If it were necessary, a case may be cited from 12 How. S. C. U. S. 371, *Nabby* v. *State Bank.*

*Potter*, on same side.

Mr. Justice HANDY delivered the opinion of the court.

This case is brought up by appeal from the probate court of Monroe county.

In February, 1851, the appellants filed their petition in the probate court, as distributees of Albert G. Greenwood, against the appellee, alleging that the appellee, as administrator of Greenwood, at the April term of that court, 1842, had rendered his final account and been discharged; that the order allowing the account and discharging the administrator is void, for want of such notice as the law required; that the account contained large credits, which were improper and unjust, &c., and praying that the account and settlement be vacated, and for a new settlement. The appellee filed his plea, stating that he was not then administrator of the estate, and setting up an order of the probate court, made at April term, 1842, showing that the appellee made application at that term to surrender his administration, which, upon due proof made to the court that due and legal notice thereof had been given, was granted, his account of final settlement allowed, his trust surrendered, and he discharged. To this plea there was a demurrer, which was disallowed, and the petition dismissed. Hence the case is brought to this court.

The demurrer in the court below was unnecessary and unwarranted in practice, as every objection to the plea which could have been raised under it could have been taken by setting down the plea for hearing. Considering the case, as presented on the merits of the petition and plea, the court acted properly in dismissing the petition. The plea set up a final account, and a surrender of his trust by the administrator, and a discharge by the court, " upon its appearing to the satisfaction of the court, from due proof, that due and legal notice had been given of the application," &c., in bar of the petition. This was a decree of a court of competent jurisdiction, and every presumption is to be indulged as to the correctness of the facts on which it was founded and which appear of record. The record proves itself, and cannot be questioned, except on

writ of error or appeal. 10 Peters, 472. The order of the court, reciting that due and legal notice had been given and was made manifest to the court, was conclusive, and could not be controverted.

Nor could this petition be regarded as a bill of review under the act of 1846, because it does not purport to be a bill of review, and has not the essential requisites of such a proceeding, and because the decree in question was rendered before the passage of the act of 1846, and that act is not applicable to such cases. *Austin* v. *Lamar*, 1 Cushm. 190.

The decree is, therefore, affirmed.