### No. 2406.—ALEXANDER NORTON v. DAVID JAMISON.

A judgment rendered against a party who, though cited, dies before issue is joined, is null. Therefore, in case the defendant dies after citation but before issue is joined, it is necessary to make his legal representatives parties to the suit, who must be cited. Otherwise the judgment rendered is void and inoperative as well against the defendant, deceased, as against his heirs or legal representatives, and the recording of such judgment creates no legal mortgage against the deceased or his legal representatives. The inscription of the word *heirs* in the final decree gives it no legal force or effect against his heir or legatee. Nor does the subsequent appearance of the heir or legatee, for the purpose of taking an appeal, give such effect to the decree rendered by the inferior jurisdiction as to give effect to the inscription thereof from the date that it was rendered in the court below.

Mortgages are *stricti juris*, and must, of themselves, be complete and give all the information which the law intends is necessary for third parties. Therefore, a judgment that has been rendered against a party who died before issue was joined, although recorded, does not operate on the property of his heir or legatee, who was not made a party to the suit, and a third purchaser of property from the legatee, after the rendition and recording of such judgment, is not affected by any mortgage resulting therefrom.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley*, J. *Miles Taylor* and *Billings & Hughes*, for plaintiff and appellee. *Campbell, Spofford & Campbell*, for defendant (plaintiff in injunction) and appellant.

HOWELL, J.   In a hypothecary action plaintiff obtained an order of seizure and sale against the property of defendant, as third possessor, by purchase from James Dick Hill, in February, 1859, upon a judgment rendered in the United States District Court, Eastern District of Louisiana, on the ninth December, 1856, and inscribed twentieth June, 1857, which is in the following words and figures:

"Alexander Norton, owner of steamer Western World,
          v.
Steamer H. R. W. Hill, claimants and sureties, and Thomas H. Newell, master.                    No. 685—In Admiralty.

"*Final Decree.*—The court having taken under advisement and carefully examined and considered the claimants' exceptions to the admiralty commissioner's report and assessment, and being satisfied from an examination of the evidence and the law bearing on the case, that the assessment of the commissioner is correct and that the libelant is entitled to recover the full amount claimed in his libel,

namely, the sum of $57,000; and it appearing of record, that the steamer H. R. W. Hill, on which the libelant has a lien and privilege for the satisfaction of his demand, was released from seizure herein March 15, 1853, on a bond or admiralty stipulation executed by Thomas H. Newell, part owner, on his own behalf and also on that of .James W. Dyas, of New Orleans, and Amelia Hamilton, of Nashville, Tennessee, the other owners of said boat and claimants thereof, as principals, and by H. R. W. Hill and Robert Dyas, of New Orleans, as ·sureties, in the sum of $52,500, the appraised value of said boat, whereby the claimants and sureties did jointly and severally bind themselves, their heirs and administrators to pay the said libelant the .amount awarded by the final decree in this cause; and it appearing, further, that Thomas H. Newell, as master of said boat, was personally cited, according to law, to answer the demand of the libelant: Now, ·therefore, the court doth order and adjudge, and it is hereby accordingly ordered, adjudged and decreed that the libelant, Alexander Norton, recover of and from the said claimants and sureties and the respondent, Thomas H. Newell, the full sum of $57,000 and costs of .suit to be taxed by the clerk, and that for the recovery of $52,500 of said amount he be entitled to process of execution against the afore-named claimants and sureties, jointly and severally, their heirs, executors and administrators, according to the tenor of said bond or .admiralty stipulation of March 15, 1853, now of record in this court."

On appeal to the United States Circuit Court, this judgment was affirmed on the seventeenth November, 1858, and in December, 1865, was affirmed by the United States Supreme Court, " with costs and .interest until paid at the same rate per annum that similar judgments and decrees bear in the courts of the State of Louisiana," and a man-·date of execution directed to the Circuit Court in this State.

H. R. W. Hill, surety on the release bond, died in September, 1853, more than three years prior to the date of the judgment in the United States District Court, leaving James D. Hill his sole heir and legatee, who accepted the succession purely and simply, and when the appeal to the Circuit Court was taken, he became a party principal to the .appeal bond for $500 for costs. On the sixth November, 1858, he made himself a party to said cause in the Circuit Court and joined in the appeal to the United States Supreme Court. On twenty-seventh February, 1859, he sold the property in question, which he inherited · from his father in 1853, to the defendant, Jamison, and in the act of sale reference is made to the above judgment for $57,000, against which the vendor bound himself to protect the vendee, and in the, certificate of mortgages annexed to said act the said judgment is set; out as in the name of H. R. W. Hill and J. D. Hill and recorded .against the property transferred.

The defendant enjoined the seizure on several grounds, only one of which we think it necessary to consider, to wit: That there is no judicial mortgage affecting his property, because H. R. W. Hill, surety, was dead long before the judgment against the claimants and sureties was rendered, and the suit was not revived as to his legal representative and heir, J. D. Hill, and the inscription does affect the property of defendant.

This, we think, is a correct legal proposition. If defendant die after issue joined, his heir should be cited; until this be done judgment can not be given against the succession. 5 N. S. 431. A judgment against one, who, though cited, dies before issue joined, is null. 8 An. 80. When H. R. W. Hill died, it was necessary to make his legal representative a party, otherwise the judgment was inoperative as to either, and the recording of it created no judicial mortgage on the property left by H. R. W. Hill. The fiction of law or its express enactment, by which he was a party to the proceedings, did not make his heirs or legal representatives parties in his person, and the insertion of the word "heirs" in the decree gave no force to the judgment against his heir and legatee any more than a judgment against any person, eo nomine, who is not cited. The subsequent appearance of J. D. Hill as a party to the proceedings, in order to appeal from the Circuit Court to the Supreme Court, may have made him personally liable under the judgment rendered on appeal, but it could not retroact so as to give force to the inscription of the judgment of the District Court. Inscriptions of mortgages are stricti juris and must, of themselves, be complete and give all the information which the law intends is necessary for third parties. 5 N. S. 112; 7 An. 533. The judgment recorded was against H. R. W. Hill, but plaintiff alleges that H. R. W. Hill died before the judgment was rendered, and claims that its inscription affected the property of J. D. Hill. But the inscription does not contain the name of J. D. Hill. At the time of the rendering and recording of the judgment against H. R. W. Hill the property in question did not belong to him, and no judgment against J. D. Hill was recorded at the date of his sale to defendant. Consequently, no judicial mortgage attached to the property sold by J. D. Hill to the defendant by recording the judgment in question against H. R. W. Hill, rendered after his death.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of David Jamison, perpetuating the injunction herein, with costs in both courts.