GEORGE W. TARLETON *v.* WILLIAM L. COX et al.

HIGH COURT OF ERRORS AND APPEALS — JUDGMENT WITHOUT NOTICE VOID. — A judgment of the high court of errors and appeals, whereby a cause brought by a writ of error from the circuit court was docketed, revived in the name of the administrator of the plaintiff in error, who had died after the suing out of the writ of error, and dismissed for want of prosecution, at the costs of plaintiff in error, upon the suggestion of the defendant in error, without the voluntary appearance of the administrator and making himself a party, and without *scire facias* duly executed upon him to make him a party, is void, and therefore not available for any purpose.

APPEAL from the chancery court of Monroe county. BRADFORD, J.

The facts of this case are fully and distinctly stated in the opinion of the court.

*Houston & Reynolds*, for appellant.

The question presented involves the validity of the judgment of the court in dismissing the appeal of Coopwood, after his death, and without making his administrator a party, or without the administrator having made himself a party. The record shows, that the death of Coopwood was suggested by counsel for defendant in error, Cox, and that the motion to revive the same in the name of the administrator was made by counsel for defendant in error. The administrator was not a party either by voluntarily making himself one, nor by the service of a *scire facias* upon him.

The judgment of the high court as to Coopwood was void,

because of his death at the time of its rendition.   Parker v. Home, 38 Miss. 216.

The judgment as to the administrator of Coopwood is void, because of the want of notice to him.   See Rev. Code, 566, as to what notice is necessary.   Enos v. Smith, 7 Smedes & Marsh. 85, 90 ; 14 How. (U. S.) 339 ; 15 Johns. 140 ; 9 Mass. 464.

If the judgment of the high court is a nullity, the case is still pending in that court, and plaintiff Cox had no right to have his execution issued by the circuit court, and, of course, to levy upon the land claimed by appellant.

*W. & J. R. Yerger,* for appellees.

It is said that the judgment of revivor and dismissal in the high court is void because the administrator was not brought in by *scire facias*.   No one but the administrator can complain of the action of the high court in this respect. He does not complain, and the complainant cannot be heard to do so.   The mode of reviving judgments in the high court is a matter of practice, which that court regulates for itself, and which cannot be collaterally inquired into by another tribunal.

TARBELL, J.:

It appears from the record, that on the 15th day of November, 1858, a summons was issued by the clerk of the circuit court of that county, at the suit of William L. Cox, against Thomas Coopwood, David Clark and A. J. Gillespie, the two latter being sued as partners, under the name of Clark & Gillespie, composing a firm doing business under such designation.   Upon the summons is this indorsement :

" We acknowledge service of the within summons and agree that the same may be docketed, and judgment rendered against us at the next term of the circuit court, for $1,241 51, with stay of execution six months.

" T. Coopwood.
" Clark & Gillespie."

Attached to the summons was a bill of exchange in the words and figures following :

"$1,235 36.          ABERDEEN, MISS., *July* 2, 1858.

On the first day of November next, pay to the order of W. L. Cox, twelve hundred and thirty-five dollars and thirty-six cents, payable at the office of the Mississippi Mutual Insurance Company in Aberdeen, Miss., value received and charge the same to account of

"To Messrs. Clark & Gillespie,      }      T. Coopwood."
         Aberdeen, Miss." }

At the then next term of the circuit court of Monroe county, without filing any declaration in said suit, judgment was taken in favor of Cox, against Coopwood, and Clark & Gillespie, upon the summons, indorsement and bill of exchange attached, these embracing the only papers in the cause. Upon this judgment, after the expiration of the stay provided for, an execution was issued and returned with the following indorsements :

" Received of Thomas Coopwood, twenty-five dollars and fifty-nine cents, the costs and commissions on this *fieri facias*, November 9, 1859.      J. H. A., *Sheriff.*"

" This execution is returned by order of plaintiff, November 9, 1859.      J. H. A., *Sheriff.*"

"The sheriff will return this execution to the next term of the circuit court of Monroe county, without making the money, and *weight* until further orders, November 9, 1859.
     " W. L. Cox."

On the 19th day of February, 1861, another execution issued on said judgment, and was returned by the sheriff, May 4, 1861, "superseded;" Coopwood having removed the cause to the high court of errors and appeals. No step was taken in the case in the latter court until the April term, 1866, when the death of the plaintiff in error was suggested by defendant in error, on whose motion the case was reversed in the name of Wm. C. Coopwood, adminis-

trator of Thomas Coopwood, deceased, and the case docketed and dismissed for want of prosecution, with costs, etc.

*Scire facias* was not issued to bring in the administrator, nor did he voluntarily, or otherwise, become a party to said suit; but the case was revived, docketed and dismissed on the suggestion and motion of defendant in error, without the administrator being made a party thereto. At the November term, 1866, of the circuit court of Monroe county, the judgment was reversed against the heirs of Thomas Coopwood, deceased, and execution was issued on said judgment in January, 1867, when the sheriff levied the same upon lands hereinafter more particularly mentioned.

On the 4th day of May, 1860, Thomas Coopwood, by deed of trust, conveyed to Amzi Bobbitt, trustee, certain slaves and parcels of land described in the deed, the lands being the same levied upon by the sheriff in virtue of the execution upon the judgment against Clark & Gillespie, and against the heirs of Coopwood, deceased, just referred to as revived, etc.

The deed of trust was executed to secure and protect Tarleton, Whiting & Co., commission merchants of Mobile, on account of money loaned by that firm to Coopwood, and paid out for him on his drafts. The deed contained the usual authority to sell, on failure to pay the indebtedness described therein, and the conveyance was recorded in the proper office on the day of its date.

On the 16th day of July, 1866, George W. Tarleton became the purchaser of the lands described in the deed of trust, the same having been sold on that day by the trustee after the notice required by the conveyance. Upon the sale, the trustee conveyed to Tarleton the lands so purchased by him, which conveyance was then recorded in the proper office.

On the 27th day of February, 1867, Tarleton filed his bill of complaint, in the chancery court of Monroe county, against the said W. L. Cox and the sheriff, setting forth the

foregoing facts, and alleging, among other things, in addition, that, at the time of the execution of the said deed of trust, Coopwood was the owner of sufficient property, over and above that conveyed to the trustee, to pay off and discharge all judgments or other liens upon the same, and more than sufficient to pay off the judgment to Cox; that Coopwood and Babbitt, the trustee, both entered the Confederate service in 1861; that Coopwood died in October, 1862; that Babbitt was absent from the state until after the surrender in 1865; that the judgment of Cox against Coopwood and Clark and Gillespie, drew only six per cent interest, but in consideration of the stay of execution to November 1, 1860, Coopwood agreed to pay Cox up to that date, ten per cent interest, for which he executed his note to Cox for fifty dollars; that at the date of the suspension of the execution aforesaid, on the 9th day of November, 1859, Coopwood and Clark and Gillespie were the owners of a sufficient amount of property to pay off the judgment and all other liens; and the bill prays that the sale of the lands mentioned in the deed of trust under the execution be enjoined, and for general relief, etc. The several records referred to are made exhibits to the bill upon which an injunction was granted.

The defendants demurred to the bill upon several grounds. The first cause alleged asserts the validity or lien of the judgment specified; the second claims the judgment to be, at most, only irregular; the third insists that the complainant, being a stranger to the judgment, cannot attack it, or claim any advantage from the alleged irregularities; the fourth claims that Cox had a right to stay his execution without impairing his lien; the fifth is on the ground of the want of privity or relationship between defendant and complainant, and Coopwood, Clark and Gillespie, and the defendant was not bound to know or guard the interest of complainant; the sixth alleges that, even if defendant had been the creditor of Coopwood and others, and complainant had been their security upon the debt merged in the judg-

ment, the facts charged in the bill would not be sufficient to release him ; the seventh is, because it appears that the debt secured by the deed of trust was created after the rendition of the judgment; the stay of execution was before the creation of said debt ; the execution suspended, and upon which the money would have been collected, was issued only a few days after the maturity of most of the indebtedness specified in the deed of trust ; the eighth alleges want of equity on the face of the bill ; the ninth is on the ground that it is not alleged that Coopwood, or his estate, or Clark and Gillespie, have not sufficient property to pay all liens existing against them.

The demurrer was sustained, the injunction dissolved, and the bill dismissed, from which decree the complainant appealed, and assigns for error that "the court below erred in sustaining the demurrer of appellees to the bill of complaint of appellant, and in dismissing said bill, and in dissolving the injunction."

Upon this record the appellant propounds for our consideration four questions, all of which are of practical importance, while some of them are intricate and interesting, viz. : 1st. Is the judgment against Coopwood void ; 2d. Is the judgment of the high court of errors and appeals, in dismissing the appeal of Coopwood, void ; 3d. Did the judgment lien of Cox become dormant during the period in which he agreed to suspend execution ; 4th. Has Cox the right to enforce satisfaction of his judgment out of the drawer of the bill, Coopwood, to the injury of Tarleton, before he has exhausted the acceptors, Clark and Gillespie."

Having reached the conclusion that the second of these queries must be answered in the affirmative, an adjudication of the other questions is thus rendered unnecessary until they shall be presented to us in the further progress of this litigation.

We, therefore, proceed to the investigation of the dismissal of the case of Coopwood against Cox by the high court of errors and appeals. The facts have been stated,

and need not be repeated. Art. 23, sec. 3, p. 566, Rev. Code, as to the "jurisdiction and practice" of the high court, enacts that: "If either the plaintiff in error, or the defendant, should die after the cause has been removed to the high court, and before the decision thereof, the suit shall not abate, but the legal representatives of such deceased parties may come voluntarily and make themselves parties, and have the cause revived in their names; and, if they should fail to do so, they may be brought in by *scire facias;* and in like manner may the representatives of any co-plaintiff or co-defendant, who may die pending the suit, be brought in, or come in, and make themselves parties, and the cause shall proceed for or against them, jointly with the surviving plaintiff or defendant."

The bill avers that the representative of Coopwood did not "come voluntarily" and "make" himself a party, but neglecting to do so, the cause was revived in his name upon the suggestion and motion of defendant in error, without a *scire facias,* whereupon the cause was dismissed for want of prosecution; and the bill adds, that "the cause was docketed, revived and dismissed without the administrator of Thomas Coopwood being made a party thereto."

The case of Borden v. Fitch, 15 Johns. 121, was very elaborately argued, and the court held that "to give any binding effect to a judgment, it is essential that the court should have jurisdiction of the person and of the subject-matter, and the want of jurisdiction is a matter that may always be set up against a judgment when sought to be enforced, or where any benefit is claimed under it. The want of jurisdiction makes it utterly void, and unavailable for any purpose." Numerous cases are referred to by counsel, and reviewed by the court. To the same effect is the case of Bissel v. Briggs, 9 Mass. 433; Harris v. Hardeman et al., 14 How. (U. S.) 334, originating in Mississippi. The court say it has been settled in a variety of decisions, "that a judgment depending upon proceedings *in personam* can have no force as to one on whom there has been no

service of process, actual or constructive, who has had no day in court, and no notice of any proceedings against him ; that, with respect to such a person, such a judgment is absolutely void ; he is no party to it, and can no more be regarded as a party than can any and every other member of the community." In support of this view, the court cited and quoted from 15 Johns. 141 ; 9 Mass. 438 ; Starbuck v. Murray, 5 Wend. 156 ; Dunning v. Corwin & Roberts, 11 ib. 645 ; Wynn v. Wyatt, admr., 11 Leigh, 584 ; Hollingsworth v. Barbour et al., 4 Pet. 466, and other cases. In the course of the opinion in Harris v. Hardeman et al., the court say : "It is worthy of notice, in this place, that the cases from 9 East and 9 Mass., cited by Chief Justice Thompson, were not instances in which the validity of those judgments was examined upon appeal or writ of error, but were instances in which that validity was inquired into collaterally, before other tribunals, in which they were adduced as evidence to sustain other issues then pending." "Unless a court has jurisdiction," say the court, in Starbuck v. Murray, "it can never make a record which imparts uncontrollable verity to the party over whom it has usurped jurisdiction, and he ought not, therefore, to be estopped from proving any fact which goes to establish the truth of a plea alleging the want of jurisdiction."

In Enos v. Smith et al., 7 Smedes & Marsh. 85, the court said : "A judgment without notice, and without appearance of the party, is a nullity. It may be shown to be so, even when it comes collaterally in question." A similar declaration was made by the court in Neal v. Wellons, 12 Smedes & Marsh. 649 : "A decree of any court affecting and determining the rights of parties, without notice to those parties, or without the notice required by law in such cases, is null and void as to them." The doctrine of these cases is recognized in Hardy v. Gholson, 26 Miss. 70 ; Cason v. Cason, 31 ib. 578, 597, and, in fact, is coeval with the common law itself. Borden v. Fitch was decided in 1812 ; Bissel v. Briggs in 1818 ; Enos v. Smith in

1846, and Cason v. Cason in 1856.   Indeed, there has never been any dispute as to the general rule on the subject of jurisdiction, the only difficulties having arisen in its application to particular cases.   Thus, as to courts of general, and those of limited, jurisdiction, the rules and presumptions are peculiar to such.   So, when a court is given, by statute, jurisdiction over a particular subject-matter, the rule of jurisdiction, as it affects the verity of the record in such cases, varies as to the subject-matter and the person.   So, also, the doctrine of presumptions upon the face of the records of these several courts is varied in its adaptation to each.   In cases of special and limited jurisdiction, certain jurisdictional facts must appear in the record, while the evidence in support of many adjudicated points will be pre sumed.   But as to courts of general jurisdiction, their records import absolute verity, unless the proof of want of jurisdiction appears affirmatively therein.   Neal v. Wellon, 12 Smedes & Marsh. 650 ; Thompson v. Tolmie, 2 Pet. 157 ; Voorhees v. The Bank of the U. S., 10 ib. 450 ; Hardy v. Gholson, 26 Miss. 70 ; Cason v. Cason, 31 ib. 578 ; Wall v. Wall, 28 ib. 409 ; Byrd v. The State, 1 How. 173.

In Byrd v. The State, the court observe that "A special, as well as a limited jurisdiction is confined not to classes, but to individuals and special cases ; such, for instance, as a court martial, which has power to hear and determine on the particular inquiry, and upon the particular cases, with a view to which they are organized.   19 Johns. 32.   But even jurisdictions of this character are sustained, and their judgments incapable of collateral investigation, although erroneous, so long as they confine themselves within the line of their jurisdiction.   2 W. Black. 1145.   It may be regarded as well settled that the judgment of any court, of however limited or special jurisdiction, when it appears that it had jurisdiction of the person and the subject-matter, cannot be disputed collaterally.   Nor will the judgment of any court of general jurisdiction be regarded as proof of any fact, unless it appears from the record that the court had

actual jurisdiction of the person. 15 Johns. 181. The only difference between the judgment of a court of general jurisdiction, and one of special and limited jurisdiction, is this : in the one case the jurisdiction of the court is presumed, until the contrary appear ; in the other, a party claiming a right under it must show affirmatively that the court had jurisdiction. 1 Johns. 34. In the case before the court below, the jurisdiction of the court was established by law ; and the record showed that it had jurisdiction as well over the person as the subject-matter."

Tested by these rules, what is the attitude of the case at bar ? In the first place it must be determined by the record it has made, and this leads us to refer more particularly to the jurisdictional facts presented. This is best done by quoting entire, from the bill, the reference of this branch of the case, viz. : "That no step was taken in said cause until the April term, 1866, of the high court of errors and appeals when on the fifteenth day of May, 1856, the following order was made :

"Thomas Coopwood   )
        v.                        }  This day came on to be heard the
  William L. Cox.   )
motion of defendant in error to docket this cause and revive the same in the name of Wm. C. Coopwood, administrator of Thomas Coopwood, the plaintiff in error, whose death is suggested by counsel for defendant in error, and dismiss the same for want of prosecution. And defendant in error in support of said motion filed a certificate of the clerk of the circuit court of Monroe county, showing that judgment was rendered in said court against Thomas Coopwood and Clark and Gillespie for the sum of twelve hundred and forty-one dollars and fifty-one cents, besides costs of suit, and that the said Thomas Coopwood, on the first day of May, 1861, prayed and obtained a writ of error to this court from said judgment, and this court having fully considered said motion doth order that the same be and is hereby sustained ; that said certificate be filed and said cause docketed, and

that the same be revived in the name of W. C. Coopwood, administrator of Thomas Coopwood, deceased, and that the same be and is hereby dismissed for want of prosecution; and that said plaintiff in error pay the costs of this cause in this behalf expended and to be taxed; that no *scire facias* was ever issued by the clerk of said high court of errors and appeals to revive said cause in the name of W. C. Coopwood, nor did said administrator come in voluntarily and by proper suggestion make himself a party to said suit, but that the cause was docketed, revived and dismissed without the administrator of Thomas Coopwood being made a party thereto."

What does this record prove? Does the record of judgment, that the court had fully considered the motion, and therefore ordered that it be sustained, import absolute verity, including the presumption that the court had passed upon the question of jurisdiction, or do the previous recitals show affirmatively that the court did not obtain jurisdiction of the person of the representative of the deceased? We are of the opinion that this record not only does not show jurisdiction, but that it appears thereby, that jurisdiction of the person of the administrator was not obtained, which is proved by the recital that the motion and suggestion were made by defendant in error. It is not shown that the administrator was, in fact, in court, or that he had counsel there, nor that notice of the motion was served upon him, personally or constructively, nor can presumptions of these facts be indulged in from the record, much less, that *scire facias* issued to bring him in. The result is, that the representative of the deceased was not made a party, and the judgment was against a dead man. These fatal facts are not met by the argument of counsel, that the question presented involves only the practice of the high court of errors and appeals. It is not conceived that the mode of proceeding of any court can cure a patent want of jurisdiction. The questions of practice herein will arise when steps shall be taken to reinstate the case of

Coopwood, deceased, plaintiff in error, against Cox, defend-
ant in error, upon the docket of this court, and to revive the
same in the name of the legal representative of the deceased,
but these can in no way reconcile or overcome the jurisdic-
tional defects which are proven to exist. Our opinion is,
that the judgment of the high court of errors and appeals
in the case just mentioned, whereby that cause was revived
and dismissed, is not available for any purpose. It follows
that the court below erred in sustaining the demurrer to the
bill, and as this disposes of the case for the present, an
adjudication of the other questions is deferred, although
they are all of an interesting character and of practical
importance.

The decree of the court below is reversed and the cause
remanded.