## GEORGE M. GRANGER v. ORVIS BATCHELDER.*

*Attorney no Power to Settle suit of Client unless Specially Authorized.*

An attorney without special authority has no power to bind his client by a compromise or settlement of the cause of action unless he receive the full amount of his client's claim in money; and this is so though the client lives in another State. †

HEARD by the court at the March Term, 1881, Washington County, REDFIELD, J., presiding. Judgment for the plaintiff to recover balance on an execution. Action, debt on judgment. The case is stated in the opinion.

---

* Heard at the adjourned General Term, May, 1882.

† But that a settlement made by an attorney will be sustained when he has an *apparent* authority, though he exceeds his instructions, and no fraud; as where the client was in plain view and only a few feet distant during the settlement, see *Black* v. *Rogers*, Mo. Sup. Ct. 1882; Cen. L. J. vol. 14, 473, citing Wharton's Agency, s. 594; also, that the client must repudiate the settlement *promptly*, see Am. Law Register, vol. 21, p. 478, citing 109 Mass. 464; 4 Wash. C. C. 511.—REP.

*W. A. & O. B. Boyce* and *Heath & Carleton*, for the defendant.

The law is well established in England that an attorney can bind his client by compromise. The rule in this country was stated early by Ch. J. MARSHALL, in 7 Cranch, 436: Although an attorney-at-law, merely as such, has, strictly speaking, no right to make a compromise, yet a court would be disinclined to disturb one which was not so unreasonable in itself as to be exclaimed against by all, and to create an impression that the judgment of the attorney has been imposed on, or not fairly exercised in the case. 14 Iowa, 286; 20 Me. 183; *Jenney et al.* v. *Delesdernier*, 6 Mod. 82; *Lamb* v. *Williams*, 1 N. J. L. 214; *Wycoff* v. *Ber gen*, 16 Mass. 396. In *Clark* v. *Randall*, 9 Wis. 135, it is held that an attorney for a foreign client, or one residing at a distance, intrusted with the collection of a debt, has an implied authority to indemnify the officer in making a levy, and if acting in good faith he suffers thereby, he has a good cause of action against his client for his own indemnification.

*J. O. Livingston*, for the plaintiff.

It is well settled that an attorney by virtue of his general authority to conduct a suit cannot bind his client by compromise. He cannot assign nor discharge without full satisfaction. 5 Vt. 352; 10 Ib. 471; 2 Ib. 127; 15 Ib. 314; Paley Agency, 221; 39 Md. 485; 1 Pick. 347.

The opinion of the court was delivered by

TAFT, J. The plaintiff, living in New York, held a judgment against the defendant for two hundred and eight dollars and four cents; one Randall was his attorney; property claimed by third persons had been attached, and the officer holding the execution issued upon the judgment, refused to proceed unless indemnified. Randall, with positive instructions from the plaintiff not to compromise the claim, received in satisfaction and payment of the judgment the sum of one hundred and fifty dollars, and accepted assurances, procured by the defendant from the persons whose property had been levied upon, that they would not molest the

officer and parties, for what had been done in attaching their property. The execution was returned satisfied.

This suit is debt, brought upon the judgment, claiming to recover the amount due after the application of the sum paid in money. The case must be controled by the general rule, so often held in this State, that an attorney without special authority has no power to bind his client by a compromise and settlement, or an assignment of the cause of action, without receiving the full amount in money. See *Penniman* v. *Patchin,* 5 Vt. 346; *Carter* v. *Talcott,* 10 Vt. 471; *Vail* v. *Conant,* 15 Vt. 314.

The fact that the client resides abroad does not change the rule. However inconvenient it may be for an attorney not to have access to his client, he is, in fact, in these days of the rapid transmission of intelligence, often nearer to him in a distant city than he would be if he lived in the next town. If the rule, as stated, was good law in the days of yore, it certainly ought to be now, since means of communication have been so much improved and the telegraph and telephone are the adjuncts of almost every office.

We have no doubt that if Randall had had authority to bind the plaintiff in the settlement, that the debt would have been extinguished, as he received in payment of it something besides money, something that the debtor was under no obligation to give him, a waiver by the persons whose property had been attached of their claims for damages; and this would have been a sufficient consideration for discharging the debt had Randall had authority for settling it in that manner. We think the plaintiff should recover.

Judgment affirmed.