## CHARLESTON.

### KING v. BURDETT et al.

Submitted September 11, 1886.—Decided October 23, 1886.

1. Where process has been regularly served on a defendant, and there is no appearance, and the defendant before judgment dies, and his death is not suggested on the record, and after his death judgment is rendered against him, such judgment is not void but voidable, and can not be collaterally attacked. (p. 609.)

2. In such a case the personal representative could in the action, in which the judgment is rendered, have the same reversed on writ of error *coram nobis* on motion under sec. 1 of ch. 134 of the Code. (p. 609.)

3. When there is a joint action against two or more persons, all of whom are served with process, and one dies before judgment, and his death is not suggested on the record, and there is a judgment rendered against all the defendants, such judgment can not be collaterally attacked. (p. 609.)

4. In a suit in chancery to enforce the lien of such a judgment it can not be impeached by showing, that it was rendered against one of the defendants after his death. (p. 609.)

*J. H. Riley* and *H. C. Flesher* for appellant.

*J. W. English* for appellee.

JOHNSON, PRESIDENT:

The plaintiff filed his bill in August, 1884, in the circuit court of Jackson county to subject the real estate of the defendants to the payment of two certain judgments, recovered by the plaintiff against the defendants at law, the one for $500.00 and the other for $1,068.75. It appears upon the face of the bill, that, when the second of said judgements was rendered, the defendant, D. B. Sayre, was dead; and the bill makes his heirs at law defendants and prays, that his said judgment-liens may be enforced against the lands of the several defendants. The other defendants, against whom the judgments were recovered, were J. M. Burdett, Julius Campbell, Abel Sayre and William H. Sayre, of whom at the institution of this suit Julius Campbell and Abel Sayre were dead.    Administrators of their estates respectively were made defendants but not their heirs, as it appeared they died insolvent.    William H. Sayre answered the bill and in his answer says, that at the time the judgment for $1,068.75 was rendered against him and his co-defendants therein including D. B. Sayre, the said D. B. Sayre had been dead more than a year, and that said pretended judgment is a nullity not only as to the estate of said D. B. Sayre but also as to respondent and the other defendants named in said action. The heirs of D. B. Sayre were made defendants to the bill, as it is alleged, that he died siezed of a tract of one hundred and forty acres of land. Hugh Sayre one of said heirs averred, that said judgment was recovered against his father after his death and is an absolute nullity as to all the defendants in the action at law.

The cause was referred to a commissioner to report the liens on the lands of the defendants and their priorities. The commissioner ascertained and reported other liens than those mentioned in the bill, and reported the judgment for $1,068.75 as the seventh lien in priority.

In the law-case it appeared, that D. B. Sayre had been served with process long before the judgment against him and his co-defendants was rendered; and that his death was not suggested on the record, and the judgment was rendered against him and his co-defendants after his death.

The defendant, William H. Sayre, excepted to the com-

missioner's report as follows: "The defendant, William H. Sayre, excepts to the report of George J. Walker, commissioner, filed on the 5th day of August 1884, because the judgment reported for $1,068.75, as the seventh lien, and as against John M. Burdett, William H. Sayre, Abel Sayer and Julius Campbell, when the judgment appears to have been a joint judgment rendered against said parties and one D. B. Sayre, who appears to have been dead more than a year, before said judgment was rendered, and for that reason said judgment was a nullity and should not be reported as a lien against the real estate of any of the defendants."

The decree of August 20, 1884, declares, that this was the only exception to the report, and decrees, that said judgment is an absolute nullity as to all the defendants therein and is not a lien upon the lands of any of the defendants, and proceeds to settle the principles of the cause, and directs the sale of the real estate of the defendant, W. H. Sayre, being all the real estate mentioned in the report, that was in the opinion of the court liable to said judgments or either of them.

From this decree the plaintiff George S. M. King appealed.

The only error assigned is the holding of the said judgment for $1,068.75 liable to collateral attack and decreeing it absolutely void. It is earnestly contended by counsel for appellant, that, the said judgment having been rendered by a court having jurisdiction of the subject and of the person of Sayre, such jurisdiction continued, until the court was informed of the death of Sayre, and, there being no suggestion of his death on the record, the judgment rendered against him after his death is not void but voidable only and could not be attacked collaterally.

It is insisted by counsel for appellees, that a judgment rendered against a dead man under any circumstances is an absolute nullity and may be collaterally attacked anywhere; and that, the judgment being an absolute nullity as to the dead man and being a joint judgment, it is absolutely void as to the other defendants therein.

Is a judgment rendered against a dead man, of whom the court had jurisdiction, and whose death had not been suggested on the record, void or only voidable? In *Colson* v. *Wade*, 1 Murphy 43, it appeared, that a judgment by default

was rendered at July term, 1782, and a writ of inquiry awarded. On the 1st day of August, 1782, one of the defendants died, and at the October term of the same year the writ of inquiry was executed, the plaintiff's damages assessed, and judgment rendered against the defendants. The error assigned was, that before the rendering of the judgment one of the defendants died, and the judge having found, that he died after the judgment by default but before the rendering of the final judgment, the case was sent to the Supreme Court on the question : "Was said judgment erroneous, and ought it to be reversed ?" The court said, "The judgment in this case is erroneous and void in law," and reversed it.

Another case on the same state of facts went to the same court in 1871. (*Burke* v. *Stokeley*, 65 N. C. 569). In delivering the opinion of the court Pearson, Chief Justice, said : "At common law this would have caused an abatement of the action. 8 and 9 Will. III. chap. 11, provides, that the action shall not abate by the death of one of the defendants, but his death may be suggested and the action proceed against the surviving defendant. It was the business of the plaintiff to make this suggestion, as it is error in fact to take judgment against one, who is dead." This was a motion in the court below to vacate the judgment, which was in that court denied ; but the judgment was in the Appellate Court reversed.

In *Milam Co.* v. *Robertson*, 47 Tex. 222, it was decided, that a judgment in favor of or against a party, who is dead, unless his death is shown by the record itself, is at most only a ground for avoiding the judgment and does not render it absolutely void.

In *McClelland* v. *Moore*, 48 Tex. 361, it was decided as to the effect of a judgment against a dead man, that " It is an error in fact and not in law. It could not therefore be corrected under our system of judicature on appeal or writ of error to this court. Relief must be sought in such case by a petition in the nature of a bill of review or for a new trial or by a motion in the court, in which it is rendered, to set aside the judgment, which seems to have been recognized by this court in cases of this kind as a substitute in modern practice for writ of error *coram nobis.*"

In *Case* v. *Ribelin*, 1 J. J. Marsh. 29, it was decided, that the rendition of a judgment for or against a dead person is error in fact, to be corrected only by writ of error *coram vobis*. The court by Robertson J. said : " Errors of fact or law may and do frequently occur in judicial trials, which can not be corrected by writ of error to this court. If for instance a judgment be rendered in favor of or against a *feme covert* suing or defending as a *feme sole* or in favor of or against a dead man, which would be manifestly erroneous, as soon as the fact shall appear, the error could be corrected only by the court, which rendered the judgment. This court could not notice it, because it does not appear on the record. There must be some remedy for such a case, and there are numerous authorities showing, that a writ of error *coram vobis* is the usual and perhaps the only one. See 1 Roll. Abr. 747; Cro. Eliz. 7,105; 3 Salk. 145; 2 Tidd's Prac. 1,107."

In *Spalding* v. *Wathen*, 7 Bush 663, the court by Lindsay J. said : " The death, if known, should have been taken advantage of in this court by a plea under the provisions of sec. 878 of the Code. As it was not known to Wathen prior to the reversal of the judgment appealed from, and as the judgment of reversal upon its face was regular, and its validity not a question, which could be properely inquired into in a collateral proceeding, the only means, by which Wathen could obtain relief against it, was by an application to this court upon the discovery of the death for a correction of its judgment for the reason as held in the opinion cited above," (*Case* v. *Ribelin*, 1 J. J. Marsh.). "It was an error, which could be corrected (if at all) only by the court which rendered the judgment."

In *Coleman* v. *McAnalty*, 16 Mo. 175, the court by Scott J. said: "The only question in the cause is, whether the judgment against the garnishee was void and a nullity by reason of the death of Boyd, before it was rendered. In maintaining the affirmative of this question the appellant is not supported by any of the cases cited by him. The case of *Borden* v. *Fitch*, 15 J. R. 145, and that of *Kelly* v. *Hooper*, 3 Yerger 395, are both within the principle prevailing in some of the States, allowing the judgment of another State to be impeached for lack of jurisdiction. 2 Cow. & Hill 915. All

that is contained in the case of *Woodcock* v. *Bennett,* 1 Conn. 735 in relation to this matter is taken from the case of *Parsons* v. *Loyd,* 3 Wils. 341, where it is said : ' There is a great difference between erroneous process, and irregular (that is to say void) process ; the first stands good and valid until it be reversed ; the latter is an absolute nullity from the beginning.' " The court held the judgment not void but voidable; and there being a valid sale under a writ supported by a judgment not void, the title of Coleman passed by it.

In *Levasey* v. *Antram & Co.,* 24 Ohio St. 96, Welch, judge, speaking for the court said : "The judgment, it is said, is void because of the death of Hazard L. Baldwin before its rendition, there being no suggestion of his death. The judgment was voidable but not void. It was voidable at the instance of Hazard L. Baldwin's representatives. Until avoided by proceedings in error by his representatives, it is final, both as to him and as to the other defendants."

In *Yaple* v. *Titus,* 41 Pa. St. 195, the action was ejectment. The proceedings of the court of common pleas on their face seemed to have divested the title of Timothy Fuller; but to avoid their apparent effect the plaintiff offered to show at the trial, that Fuller, a lunatic, died on the 6th day of April, 1842, before the order of sale was granted. The only question was, whether it was competent for them to show that fact. The court below held the evidence incompetent ; and the judgment was affirmed. The court held, that a judgment rendered against a person after his death "is reversable in error, if the fact and time of death appear on the record, or in *error coram nobis* if the fact must be shown *aliunde.*" It is voidable, not void, and can not be impeached collaterally. "Still less is a decree in *rem.,* as an order of sale, to be held void or impeached collaterally when made after the death of the owner of the property." To the same effect is *Carr* v. *Townsend,* 63 Pa. St. 202 ; *Stotzell* v. *Fullerton,* 44 Ill. 108, and *Lamson* v. *Lamson,* 52 Vt. 595.

In *Hays* v. *Shaw,* 2 Minn. 407, the court decided, that the court having once acquired jurisdiction of the parties possesses the power to proceed to the final disposition of the action ; and while the court ought to cease to exercise its

jurisdiction over a party at his death, the neglect to do so is an error to be corrected by some proceeding in the action, in which the error occurs; and the judgment though erroneous is not on that account to be attacked in a collateral action. In other words, the judgment is voidable, when properly assailed, but not void. To the same effect is *Jennings* v. *Simpson*, 12 Neb. 558.

In *Evans* v. *Spurgin*, 6 Gratt. 107, it was held, that, the death of the defendant not having been suggested on the record, the validity of the decree of 1836 can not be impeached by evidence of his death before the decree rendered in another collateral action. The error in proceeding to decree after the death of the defendant should be shown in some proceeding by the proper parties to set aside said decree for that cause.

In *Neal* v. *Utz*, 75 Va. 480, it appeared, that process was served upon a defendant in an action of debt on the day, on which he was convicted of a felony, but before the conviction had taken place; and in that action a judgment by default was obtained against him, while he was confined in the penitentiary. Under such circumstances it was decided, that the utmost, that could have been exacted of the plaintiff, was a suspension of all proceedings, until the disability was removed, or the appointment of a committee to defend the suit for the convict; and, although neither course was pursued, the judgment is not void but voidable and can not be assailed collaterally in a court of equity or elsewhere.

A number of cases may be found, which hold, that, although a court has fairly obtained jurisdiction of the parties, a judgment rendered in favor of or against a party, who has died, is an absolute nullity.

In *Norton* v. *Jamison*, 23 La. Ann. 103, it was decided, that a judgment rendered against a party, who though cited dies before issue is joined, is null.

In *Edwards* v. *Whited*, 29 La. Ann. 647, it was held, that a judgment rendered in the Supreme Court of that State for or against a person dead and not there represented is an absolute nullity. The court by Marr, judge said: "We take occasion to say, that counsellors of this court should, when they have knowledge of the death of a client, party to a cause pend-

ing, inform the court and have the suggestion of death made of record, so that the court may not do so vain a thing as to pronounce a void decree. If no such suggestion is made, the court ignorant of the death will proceed of course, and there may be delays and confusion and much useless litigation, which a prompt suggestion of death would avoid. We do not hesitate to say, that a decree of this court for or against a person no longer in existence is an absolute nullity, and that the nullity may be shown by any person, against whom the attempt is made to enforce it."

In *Tarleton* v. *Cox*, 45 Miss. 430, it was held, that a judgment of the high court of error and appeals, whereby a cause brought by a writ of error from the circuit court was docketed, reversed in the name of the administrator of the plaintiff in error, who had died after suing out the writ of error, and dismissed for want of prosecution at the costs of plaintiff in error upon the suggestion of the defendant in error without the voluntary appearance of the administrator and making himself a party and without *scire facias* duly executed upon him to make him a party, is void and therefore not available for any purpose.

In *Parker* v. *Home*, 38 Miss. 215, it was held, that a judgment against a dead person is a nullity, and a sale of property thereunder confers no title on the purchaser. To the same effect is *McCreery* v. *Everding*, 44 Cal. 284; *Carter* v. *Calliger*, 3 Yerg. 411; *Morrison* v. *Deaderick*, 10 Humph. 342; *Wert* v. *Jordon*, 62 Me. 484.

In *Collins* v. *Knight*, 3 Tenn. Ch'y 187, Chancellor Cooper says: "The second portion of the complaint is, that the decree taken after the death of John Collins was irregular or void. The weight of authority in this State certainly is, that a judgment or decree either in favor of or against a deceased party to a suit is an absolute nullity. (*Morrison* v. *Deaderick*, 10 Humph. 342–343). Our decisions are upon this point in conflict with the weight of judicial authority elsewhere. (Freem. on Judg. secs. 140, 153 and cases cited). But this can be literally true only, where the judgment is for or against the dead person alone. A joint judgment in favor of or against such person and other persons would stand upon a different ground. A joint judgment in favor of sev-

eral implies a joint right, which might survive. Such a judgment can not be a nullity *in toto*; at most it could only be avoided to the extent of the interest of the deceased."

We have seen, that the great weight of the authority is in favor of holding a judgment recovered against a deceased person not void but voidable. We think this doctrine founded on the better reason. It is very easy for the personal representative upon motion under sec. 1 of ch. 134 of the Code to correct the error. That section gives an additional remedy to a writ of error *coram nobis*; it reads as follows: "For any clerical error or error in fact, for which a judgment or decree may be reversed or corrected on writ of error *coram nobis*, the same may be reversed or corrected on motion after reasonable notice by the court or by the judge thereof in vacation." It would result in great inconvenience and in many cases in gross injustice to regard such judgments absolute nullities. They are only voidable, and until reversed in the case, in which they are rendered, they must be regarded as final. They can not be collaterally attacked.

But the position of the appellees, that, even if the judgment was not void as to D. B. Sayre, it is void as to them, is entirely untenable, (*Collins* v. *Knight*, 3 Tenn. Ch'y 187). Upon what possible ground, they can contend, that the judgment is void as to them, we are unable to see. The reasons, that are given, why a judgment against a deceased person should be considered a nullity, are certainly wanting as to the *living* defendants, against whom the judgment was rendered as well as against the dead person.

If the death of D. B. Sayre had been suggested, what would have been the consequence? The action would have abated as to him, because a joint judgment could not be rendered against a living defendant and the personal representative of a deceased co-defendant. Then the judgment against the living defendants would have been proper. If it were void as to the dead man having been rendered against him as if he were living, it certainly would not leave his co-defendants in any worse condition than they would have been in, if the death had been suggested and judgment taken against the living defendants. If it were an error to render judgment against the dead man, it was not to their prejudice.

For the foregoing reasons the decree rendered in this cause on August 20, 1884, is reversed with costs, and the cause is remanded with directions to proceed according to the principles announced in this opinion.

REVERSED.   REMANDED.