# CHARLESTON.

## Watt *v.* Brookover.

Submitted June 12, 1891.—Decided November 21, 1891.

1. Judgment— Lien—Death of Plaintiff.

The fact that a sole plaintiff or one of several plaintiffs is dead at the time of the institution of an action, such death not appearing on the record, does not render a judgment therein void, but only erroneous, and such judgment is a lien on real estate.

2. Attorney at Law—Compromise By.

An attorney at law, employed to collect a debt merely as such, has no power to compromise after judgment and accept a sum of money less than the full amount of the judgment as satisfaction.

*Keck & Son* for appellants, cited Code, c. 127 ; Id. c. 99, s. 12 ; Id. c. 138, s. 9 ; 28 W. Va. 601.

*Berkshire & Sturgiss* for appellees, cited 33 Gratt. 351 ; 2 Tuck. Comm. 209–214 ; Bar. L. Pr. 93 ; 2 Patt. & H. 144 ; 1 Chitt. Pl. 19.

Brannon, Judge :

A judgment was rendered in the Circuit Court of Monongalia county in favor of plaintiffs for three hundred and seven dollars and twenty-two cents, with interest and costs, in an action by Watt, Lang & Co., for the use of Stephen A. Shepherd, against Joseph S. Brookover ; and a chancery suit was brought by Watt, Lang & Co. and Shepherd against Brookover to enforce the judgment against a tract of forty five acres of land, and, the bill having been dismissed, the plaintiffs appeal to this Court.

It is assigned as error that an amended answer was allowed to be filed by Brookover. He filed an answer, setting up that he had compromised and settled the judgment, and the cause was then referred to a commissioner to ascertain the lands of the judgment debtor and the liens upon it. Depositions were taken by both sides. The commissioner filed a report allowing the plaintiffs their debt in full, and

Brookover excepted to it. Then the decree of dismissal was entered. In this decree it is stated that an answer and amended answer of Brookover were read, though I see no prior order filing such amended answer. This amended answer sets up that defendant Brookover had learned since the filing of his original answer that John W. Watt of the firm of Watt, Lang & Co., a plaintiff in the chancery suit and also in the action in which the judgment had been rendered, had died before the action at law was brought, and that the said judgment was a nullity and void and no lien on his land. The plaintiff objected, and excepted to said amended answer as irrelevant and immaterial and as offered too late. The decree does not pass on the exception but reads the amended answer on the hearing and impliedly overrules the exception.

It is sufficient to say of this answer, that though taken to be true in the absence of a replication, the fact which it presents as a defence—the death of Watt—was immaterial, and presented no defence to the bill. As regards a judgment against a party dead at its rendition, this Court, in *King* v. *Burdett*, 28 W. Va. 601, held such judgment not void for the fact of death not appearing on the record, and that it was a lien enforceable in chancery, and such death could not be set up in defence of a bill to enforce it. In *Evans* v. *Spurgin*, 6 Gratt. 107, it was held that; the death of a defendant not having been suggested, a decree can not be impeached in a collateral action by evidence of his death. I think these decisions are binding authority on us, and in principle decide this point in the case. I shall not advert to the many decisions upholding them, as Pres. Johnson fully discussed them in *King* v. *Burdett*. In *Neale* v. *Utz*, 75 Va. 480, a judgment against a convict was held unimpeachable in a collateral proceeding, though the party was *civiliter mortuus*.

True, these cases were cases of judgment against persons, while here it is the case of one of the partners plaintiff dead at the institution of the action; but I concur in the opinion expressed in 1 Black, Judgm. § 204, that such a case "can not be distinguished in principle from that of a defendant dying while the action is pending, where, as already

shown (section 200) the great preponderance of authority sustains the rule that the judgment is at least impervious to collateral attack, and must be vacated or reversed by proper proceedings.  Both cases are equally governed by the principle that, when once the jurisdiction has attached, no subsequent error or irregularity in the exercise of that jurisdiction can make its judgment void." Here the party was dead at the institution of the action in which judgment was rendered.  Mr. BLACK, *supra,* states the law to be that, "if an action is commenced in the name of a person already dead (as, where the decedent is the nominal plaintiff, and the one, for whose benefit the suit is prosecuted, is the real party in interest) or if one of several joint claimants is dead before action brought, it is held that the defendant must take advantage of the fact by plea in abatement, at the peril of being estopped by his silence, and the judgment for plaintiff will not be disturbed." The fact that defendant did not know of his death can make no difference as to this point.

In *Powell* v. *Washington,* 15 Ala. 803, it was held that where one, having the beneficial interest in a note, sued in the name of a dead payee, and there was judgment by default, the judgment was valid, and could not even be vacated by a proper proceeding to vacate it.

In *Milam Co.* v. *Robertson,* 47 Tex. 222, and *Case* v. *Rifelin,* 1 J. J. Marsh, 29, it was held that a judgment for or against a party dead at the time, his death not appearing, is not void.  Freeman on Judgments, § 153, states it as law that judgment for or against deceased parties are not void, and that, even where the fact of the death appears in the record, they are not void but only voidable and are to be affected only by appeal.

I am of opinion that, where the fact of death is apparent in the record of the judgment, its rendition would be error of law, to be corrected by appellate process; and, where it does not appear in the record, but is to be shown *aliunde,* it is called error in fact, to be corrected at common law by writ of error *coram vobis,* but under our Code (1887) c. 135, s. 1, by motion in lieu of that writ.  2 Tuck Com. 328; 4 Minor Inst. 848.

I do not intimate whether this judgment could have been affected in any way; whether the naming as a plaintiff a dead partner, when the cause of action survived to the other, who was also a party, would render the judgment erroneous. Some cases cited by authors as holding that judgments against dead persons are null do not so hold. The word "void" may be used in them, but in the sense of "erroneous." They were cases where, by proper proceedings, they were sought to be reversed, not attacked collaterally. Such are the cases of *Colson* v. *Wade*, 1 Murph. 43; *Burke* v. *Stokeley*, 65 N. C. 569; *Moore* v. *Easley*, 18 Ala. 619. There is a wide difference between a judgment null and void and one erroneous and voidable; the one is no lien, the other is until reversed. This judgment is not a nullity but a valid lien on the land sought to be subjected.

Now, as to the defence of payment. The defendant, Brookover, gives evidence to show that he compromised the judgment with Hough, one of the firm of Kreck & Hough, attorneys, who recovered the judgment and paid Hough one hundred dollars in satisfaction of it. In *Wiley* v. *Mahood*, 10 W, Va. 206, and *Harper* v. *Harvey*, 4 W. Va. 539, it was held that an attorney employed to collect a debt can only receive money for payment, and can not without authority accept other things in satisfaction of it. Here money was received, but much less than the debt. Is this compromise valid? Has an attorney to collect a debt authority simply as such to compromise and accept only part of a debt as full satisfaction? Chief Justice MARSHALL, in *Holker* v. *Parker*, 7 Cranch, 496, said that he had not. I do not here refer to the question of the power of an attorney to compromise pending litigation to obtain judgment. In England it seems to be settled in such case that he has authority to compromise, but in America there is great conflict of decision on the subject, the preponderance of authority seeming to be against such power, though, as that point is not involved here, I have not fully examined the authorities. See note to section 24, Story, Ag. (9th Ed.); *Preston* v. *Hill*, 50 Cal. 43 (19 Amer. Rep 647,) note in 41 Amer. Rep. 847; *De Louis* v. *Meek*, 50 Amer. Dec. 491; *Huston* v. *Mitchell*, 16 Amer. Dec. 506; 1 Laws. Rights, Rem. & Pr. § 171, and notes.

This is a case where there was no appearance of contention as to the right to the debt, and its amount had been fixed by final judgment; but there was some considerable doubt whether the judgment could be realized. It is clear that no express authority to compromise the debt was given. We are of opinion that in these circumstances the attorney had no implied authority to receive part of the judgment in full. In *Granger* v. *Batchelder*, 54 Vt. 248 (41 Amer. Rep. 846) an attorney received part of a judgment in money, and the execution which had been levied on property claimed by others was returned satisfied. The court held that the attorney had no power to receive less than the full amount. So in *Robinson* v. *Murphy* the Supreme Court of Alabama said that the judgment terminated the litigation and its uncertainties, and conclusively ascertained that the plaintiff was to have from the defendant a fixed amount; that the powers of the attorney are not co-equal and co-extensive with those of the client, and he could accept nothing less than the full amount of the judgment. See note to *Granger* v. *Batchelder*, 41 Amer. Rep. 847. So it was held in *Beers* v. *Hendrickson*, 45 N. Y. 665; *Lewis* v. *Woodruff*, 15 How. Pr. 539; *Wilson* v. *Wadleigh*, 36 Me. 496; *Harrow* v. *Farrow*, 7 B. Mon. 126; *Chambers* v. *Miller*, 7 Watts, 63; *Town of Whitehall* v. *Keller*, 100 Pa. St. 105; 1 Laws. Rights, Rem. & Pr. 171; 2 Black, Judgm. § 989. I see no authority to the reverse.

But, though this compromise will not discharge the judgment, we think the judgment should be credited with one hundred dollars paid under said compromise as of 15th day of April, 1884. Here it is useless to detail evidence further than to say that Brookover swears positively to the payment, and Gallagher that he saw the receipt, since lost, which had been given by Hough. The evidence is not entirely convincing, but we conclude that it should be allowed.

The decree is reversed, and the cause remanded with direction to enter a decree for the judgment, subject to such credit, and to enforce it as a lien against the land in the record described.

REVERSED.   REMANDED.