Per Curiam.

A motion was made in the circuit court of Rankin county, against the sheriff and his sureties for failing to return a fieri facias, and judgment rendered thereon. A bill of exceptions was taken to the opinion of the court in sustaining the motion, and this writ of error brought.
It seems that the defendants objected to the judgment and asked for a jury trial, which was refused. It is insisted that the act giving the summary remedy by motion is unconstitutional, because it violates the right of trial by jury. This question was fully discussed, and a decision made at the present term of the court in the case of Lewis v. Garret, and we need not again enter into the investigation. The act was held to be constitutional, and although we did not go so far as to say the court would be authorized to refuse to a party claiming it a trial by jury, yet we may safely say in this particular case they were not entitled to it. Nothing was denied which could make a jury necessary. No fact was disputed, except the want of notice, and that was a question to be decided by the court.
The defendants denied that they had been served with notice, but in taking their exceptions they set out a copy which they had *425 in possession.. I have not been able to detect any defect in it. Now although the notice may have been served by the’ coroner, who could not officially serve it, yet his service was good if proven, and the defendants themselves proved it by the copy. But we should be bound to presume that the coroner proved it in court, as his return appears on the original notice, because it does not appear but what the court had further evidence than the return of the coroner on the notice.
Judgment affirmed.