THOMAS S. PARKER et al. Adm'r., &c. *v.* JOHN H. HORNE.

1. CHANCERY: NEW TRIAL AT LAW: CASE IN JUDGMENT.—A court of equity will not grant a new trial at law, upon the ground that the complainant has been, without fault on his part, deprived of his remedy to have the judgment revised on writ of error to this court, if it appear from the record of the trial of law, that there was no good ground of reversal.

2. JUDGMENT: AGAINST THE DEAD VOID.—A judgment against a dead person is a nullity, and a sale of property thereunder confers no title on the purchaser.

APPEAL from the Chancery Court of Clarke county. Hon. Wil-.liam M. Hancock, chancellor.

This was a bill filed in the Chancery Court of Clarke county by the appellee, to procure a new trial at law. The grounds upon which the new trial is asked are, that the complainant was prevented from making his defence at law; by the erroneous rulings of the judge who presided at the trial, and that he was deprived of his remedy to correct said errors by writ of error to this court, without fault on his part. The bill states the specific errors relied on, and they consist of the exclusion by the court of certain evidence offered to establish his defence, and also of instructions given, and refused, to the jury; and it makes the bills of exceptions taken on the trial, exhibits. It also sets out the reasons for his failure to prosecute in this court his writ of error, which he had sued out to revise said judgment. A more detailed statement is rendered unnecessary by the opinion of the court.

On final hearing, the chancellor set aside the verdict and granted a new trial, from which decree the defendants in the bill appealed.

*J. D. Freeman,* for appellants.

*T. J.* and *F. A. R. Wharton,* for appellee,
Cited *Webster* v. *Skipwith,* 26 Miss. R. 341; 7 Humph. R. 39; *Ford* v. *Ford,* Walker's R. 505; *Herring* v. *Winans,* 1 S. & M. Ch. R. 466.

HARRIS, J., delivered the opinion of the court.

This cause was originally commenced in the Circuit Court of Clarke county, at the October term, 1855, to recover of the defendants damages for the trover and conversion of a large number of cattle and stock specified in the complaint. Judgment was rendered against the defendants at the April term, 1857. A writ of error was sued out to the High Court to the October term, 1857; and at that term it was dismissed for want of prosecution.

On the 15th day of May, 1858, a motion was made in the High Court to reinstate said cause, on the affidavits of defendant and his counsel, bearing date the 15th day of March, 1858, and filed on the 15th day of May. The motion to reinstate was refused on the

31st May, 1858. On the 23d August, 1858, defendant Horne filed his bill in the Chancery Court of Clarke county, praying an injunction, and for a new trial at law. The Chancery Court allowed the injunction, and on final hearing upon bill, answer, and proofs, decreed a new trial at law. From which decree this appeal is now prosecuted here.

The gravamen of the complaint is, that upon the original writ of error brought to this court to reverse the judgment of the Circuit Court, the defendant was entitled to such reversal, of which, by accident, and without fault on his part, he was deprived, and the cause dismissed in the High Court.

Waiving the consideration of the question of diligence, which is by no means clear or satisfactory, it will be sufficient to say, that the original judgment appears, from the record, to have been well sustained by the evidence, and nothing is perceived, in other respects, upon which a reversal of that judgment could have been ordered here.

The claim of the defendants below, was based upon the title of Horne, to the property in dispute. That title was attempted to be supported by a bill of sale executed to said Horne, by Covington, the intestate of plaintiffs in error, on the 9th April, 1855, when in his last illness, and only three days before his death. The weight of evidence *tended strongly* to establish the fact, that at the time of the execution of that bill of sale, the said Covington was incapable mentally, of contracting. While several physicians, his attendants and others, were examined to prove mental incapacity at the time of the execution of the bill of sale, and for several days previous, it is remarkable that, although one of the subscribing witnesses was examined, not one word is asked by counsel for defendants, in relation to the mental capacity of the vendor at the time of the execution of the bill of sale. We think on this point the jury were, therefore, well warranted in their verdict.

The defendants next attempted to derive title to the property in dispute, under a purchase at execution sale, after the death of the defendant Covington. But in this they wholly failed, as the record shows that the judgment under which the sale took place, was obtained against the said Covington after his death, a few days, and without revivor, and was, for that reason, void.

There being, then, no error in the original judgment, a new trial should not have been granted, *even if all diligence* had been used to procure a hearing and reversal on writ of error in the High Court, about which we are by no means satisfied.

Let the decree be reversed, and bill dismissed, and judgment here rendered against the defendant for costs.