WILLIAM YOUNG v. PICKENS & GREEN.

1. CIRCUIT COURT — DEATH OF CO-PLAINTIFF. — A valid judgment cannot be rendered in favor of co-plaintiffs, one of whom, at the time, is dead. Such judgment is void.

2. ATTACHMENT — LIABILITY OF SURETY ON REPLEVIN BOND — VERDICT TO ASSESS VALUE OF THE PROPERTY. — The surety on a replevin bond, executed under art. 8, Code, 375, is only liable to the extent of the value of the property

replevied, and the jury, in finding against the defendant in attachment, should assess the value of the property as well as the debt due the plaintiff.

3. LIABILITY OF SURETY ON BOND TO HAVE SLAVES FORTHCOMING — AS AFFECTED BY EMANCIPATION OF THE SLAVES. — The surety on a bond, given by the defendant, in an attachment to replevy slaves, is liable only to damages for the detention of the property, he being exonerated from all liability beyond this, by the emancipation of the slaves.

ERROR to the circuit court of Pontotoc county.

The facts appear in the opinion of the court.

*Wilson & Carr,* for plaintiff in error.

The court below could not render a valid judgment in favor of a plaintiff, who, at the time of the rendition thereof, was dead. Revised Code, 486, art. 51. The surety was liable, to the extent of the value of the property replevied alone. It was error not to have this value assessed by a jury. Richard v. Mooney, 39 Miss. 357.

*Houston & Reynolds,* on the same side.

The defendant in attachment, and sureties on his replevin bond, occupy the position of sheriff, and incur no liability, unless from negligence. Trotter v. White, 26 Miss. 93; Browning v. Herford, 5 Hill (N. Y.), 588; Story on Bail., §§ 130, 132. The property in slaves having been destroyed by a national revolution, between the time when the replevin bond was executed and the time when the judgment was rendered, we submit to the court that no judgment could be rendered against the sureties in the replevin bond.

*C. D. & J. D. Fontaine,* for defendants in error.

TARBELL, J.:

F. F. Freeman, as the agent of Pickens & Green, merchants, obtained an attachment in their favor, against the property of F. F. Calmers, in 1860, upon an alleged indebtedness of the latter to Pickens & Green, of $1,152 60. By virtue of the attachment the sheriff levied upon two slaves, the property of Calmers, of the aggregate value of $1,800, November 22, 1860. On the same day the slaves were

returned to Calmers, upon the execution of a forthcoming bond by him, with Wm. Young, the plaintiff in error, as his surety. The declaration of plaintiff was filed in 1861. In 1866 the defendant filed a plea, traversing the affidavit upon which the attachment was issued. In April, 1867, the plaintiff entered into a written agreement of compromise, as follows:

"Pickens & Green )

v.       }

F. F. Calmers.  )   By way of compromise of the above stated suit, pending in the circuit court of Pontotoc county, it is hereby agreed between the said parties, that so much of the claim sued on shall be abated by plaintiffs as will reduce the sum to $1,250, and that defendant will withdraw his plea at the present term of the court, and suffer plaintiffs to take judgment, *nil dicet*, for the above sum, with stay of execution six months.

Given at Pontotoc, this 10th day of April, A. D. 1867.

F. F. Calmers,

Israel Pickens,

Surviving partner Pickens & Green."

Accordingly Calmers withdrew his plea, and judgment was rendered by the court, "that plaintiffs recover of defendant and Wm. Young, his security on his writ of replevin bond herein, the sum of $1,250, the money here sued for, with the costs of suit," whereupon Young brought writ of error, and asks a reversal of the judgment as to him on the following grounds: The death of one of the plaintiffs after suit brought, and before judgment; the entry of judgment, for so much money, when it should have been for the value of the property in the replevin bond mentioned; or because a jury should have been called to assess the value of the property. The same errors are assigned for Calmers.

There is no allegation or suggestion of the death of one of the plaintiffs, and the only proof of the fact is the signature of Pickens to the agreement with Calmers, as "sur-

viving partner of Pickens & Green." It is a little singular that this did not attract the attention of the court and counsel at the circuit. If one of the plaintiffs was dead, the fact should have been suggested on the record, and the cause continued in the name of the survivor, as such. A judgment in favor of or against a deceased person is a nullity. Tarleton v. Cox,* decided at the present term.

The judgment is clearly erroneous for another cause. To the attachment, the sheriff returned the negroes attached, "replevied by giving bond," which he returned therewith. The condition of the bond is this : "Now if the said above bound first-named parties shall and does have said property forthcoming, to answer and abide the judgment of the court in said suit, or in default thereof do pay and satisfy the judgment to the extent of the value of said property, then this obligation to cease and be void," etc.

This bond was executed under art. 8, Code, 375, and the jury, under the next succeeding article, should have assessed the value of the property as well as the debt due the plaintiff. But the principal defendant had agreed to the judgment as entered. As to the surety the plaintiff was entitled at most only to damages for the detention of the property. Beyond this, the surety was exonerated by the emancipation of the slaves. Whitfield v. Whitfield, 43 Miss. ; Tanner v. Battaile, MSS. opinion. The judgment being joint is reversed as to both, and the cause remanded.