## TAYLOR *v.* ELLIOTT ET ·AL.

PRACTICE.—*Supreme Court.*—*Appeal in Name of Deceased Party.*—*Motion to Set Aside Judgment After Term.*—*Assignment During Pendency of Action.*— After the death of the plaintiff in an action, an appeal was taken to the Supreme Court from a judgment rendered against him in said action, error being assigned by counsel in the name of said plaintiff, and a joinder in error being filed in behalf of the defendant by counsel, and there was judgment of reversal and for costs in favor of said plaintiff, the counsel who assigned error and the defendant and his counsel being ignorant of the death of said plaintiff until after the rendition of said judgment of reversal.

*Held*, that if said judgment of reversal was not void, the Supreme Court never having acquired jurisdiction of said plaintiff, it was erroneous in fact and voidable, and, whether void or voidable, it ought to be set aside upon motion of the defendant, though such motion was not filed until after the expiration of the term at which said judgment of reversal was rendered.

*Held*, also, that said appeal could not be prosecuted in the name of said plaintiff by one to whom, during the pendency of the action in the court below, the plaintiff had made a written assignment of the cause of action.

SAME.—*Construction of Statute.*—The provision of section 21 of the code, 2 G. & H. 51, that, in case of any transfer of interest, other than such as arises from the death, marriage or other disability of a party, "the action shall be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in .the action," means that when such transfer of interest is made, the action may be continued in the name of the original party if he be living, but does not mean that it may be continued in his name after he is dead.

From the Marion Civil Circuit Court.

*J. A. Holman*, for appellant.

*N. B. Taylor*, *F. Rand* and *E. Taylor*, for appellees.

WORDEN, J.—Quartus Taylor brought an action in the Marion Civil Circuit Court against Calvin A. Elliott and another, in which a demurrer was sustained to the complaint, and final judgment rendered against the plaintiff therein, said Taylor. Afterwards, on May 14th, 1874, a transcript of the proceedings and judgment in that cause was filed in this court, and errors assigned thereon by counsel, in the name of said Taylor as appellant, and there was a

joinder in error on behalf of Elliott by counsel. The cause progressed to a final hearing in this court under this assignment of error, and there was a judgment of reversal and for costs in favor of said Taylor entered by this court at the November term thereof, 1875. The case will be found reported in 51 Ind. 375.

On June 8th, 1876, Elliott filed his petition in this court, praying that the judgment of reversal in favor of said Taylor be set aside and held for naught, on the ground that said Taylor had departed this life before any appeal had been taken to this court. It appeared upon the hearing of the petition that Taylor died on May 1st, 1873, but his death was unknown to counsel who assigned errors in his behalf, and to Elliott and his counsel, until after the decision of the cause by this court. It was shown by Deborah B. Taylor that said Quartus Taylor, while the action was pending in the court below, had made a written assignment of the cause of action to her. The question arises whether, under these circumstances, the judgment of reversal heretofore entered by this court should be set aside. The question, in our opinion, admits of nothing but an affirmative answer.

This court never acquired any jurisdiction of Taylor, he having died more than a year before the appeal was taken to this court, and the judgment in his favor would seem to have been void.

There is some conflict in the decisions upon the point whether a judgment in such case is void or voidable only. Thus, in *Spalding, Administrator, etc.*, v. *Wathen*, 7 Bush, 659, it was held that where an appeal was prosecuted in the name of a dead plaintiff, and there was judgment of reversal, the judgment was not void, the question arising collaterally. On the other hand, there are cases holding that where the plaintiff is alive at the commencement of the action, but dies during the pendency thereof, a judgment subsequently rendered in his favor is a nullity. In Freeman on Judgments, sec. 153, it is said, as a reason for holding judgments not void, where the parties are alive at the

commencement of the action, but one of them dies before judgment, that "this is because the court, having obtained jurisdiction over the party in his lifetime, is thereby empowered to proceed with the action to final judgment; and, while the court ought to cease to exercise its jurisdiction over a party when he dies, its failure to do so is an error to be corrected on appeal if the fact of the death appears upon the record, or by writ of error *coram nobis* if the fact must be shown *aliunde.*"

The same author, in the same section, further remarks, that "there are, nevertheless, quite a number of cases in which judgments rendered for or against a person then deceased, but over whom in his lifetime the court had jurisdiction, have been declared void." For future convenience, we append the following list of cases, in addition to that already cited, bearing closely upon the point: *Case* v. *Ribelin*, 1 J. J. Marsh. 29; *Collins* v. *Mitchell*, 5 Florida, 364; *Carter* v. *Carriger's Adm'r*, 3 Yerg. 411; *Ewald* v. *Corbett*, 32 Cal. 493; *Coleman* v. *McAnulty*, 16 Mo. 173; *Yaple* v. *Titus*, 41 Penn. St. 195; *Carr* v. *Townsend's Ex'rs*, 63 Penn. St. 202; *Parker* v. *Horne*, 38 Miss. 215; *Young* v. *Pickens*, 45 Miss. 553; *New Orleans, etc., R. R. Co.* v. *Bosworth*, 8 La. An. 80; *Norton* v. *Jamison*, 23 La. An. 102; *Loring* v. *Folger*, 7 Gray, 505; *McCreery* v. *Everding*, 44 Cal. 286.

The last case we cite from a reference, the volume not being within our reach. Freeman says of it, at the section above cited, that though made without any apparent consideration of the authorities upon the subject, the decision makes it clear that the Supreme Court deem a judgment rendered in favor of a dead man to be a mere nullity.

We are inclined to the opinion that the judgment of this court in this case in favor of Taylor, reversing the judgment below, was a nullity, inasmuch as this court never had any jurisdiction over him. He was dead before the appeal was taken. Suppose the judgment below had been affirmed, instead of having been reversed; we do not see how the

affirmance could have prevented the administrator of Taylor from prosecuting an appeal of the case to this court.

But whether the judgment of reversal was void, or simply erroneous in fact and voidable, it ought to be set aside and vacated. There is no conflict in the authorities upon this point.

This would have been accomplished, at common law, by the writ of error *coram nobis.* " If a judgment in the King's Bench be erroneous in matter of fact only, and not in point of law, it may be reversed in the same court, by writ of error *coram nobis*, or *quæ coram nobis resident*, so called from its being founded on the record and process, which are stated in the writ to remain in the court of the lord the king before the king himself; as where the defendant, being under age, appeared by attorney, or the plaintiff or defendant was a married woman at the time of commencing the suit, or died before verdict, or interlocutory judgment: for error in fact is not the error of the judges, and reversing it is not reversing their own judgment." 2 Tidd's Prac. 1136–7.

We quote the following passages from Freeman on Judgments, sec. 94:

" If, however, the proceedings are based upon facts presumed by the court to exist, as when one of the parties is insane, or is an infant, or a *femme covert*, or has died before verdict, and the court, supposing such party to be alive and competent to appear as a litigant, renders judgment, it may be set aside by writ of " (error) " *coram nobis.*  *  *  * The writ of error *coram nobis* is not intended to authorize any court to review and revise its opinions; but only to enable it to recall some adjudication, made while some fact existed which, if before the court, would have prevented the rendition of the judgment, and which, without fault or negligence of the party, was not presented to the court."

But the writ, in practice, has fallen, in a great measure, into desuetude, and the courts now furnish the same remedy by motion that was formerly afforded by the writ. Powell on Appellate Proceed. 324, sec. 47. By our statute

writs of error are abolished. 2 G. & H. 269, sec. 550. The petitioner has pursued a proper remedy.

But it is urged that this court cannot set aside its judgment after the term at which it was rendered. We have seen that a remedy in such case was afforded at common law by the writ above mentioned, and that now the remedy may be had on motion. But the writ might have been issued at any time within twenty years after judgment, when it was barred by the statute of limitations. 2 Tidd's Prac. 1141.

If the remedy can be had on motion, it is not easy to see why it may not be had within the same time limited for the issuing of the writ. Until the expiration of the term at which judgment was rendered, there was no necessity for such writ; for until the expiration of the term the courts could modify or set aside their judgments without it. Freeman on Judgments, sec. 90.

As judgments could have been reversed and set aside by the writ after the term, and as now the same remedy may be had in a proper case on motion, it seems to follow conclusively that they may be set aside in such case, on motion, after the expiration of the term. It seems to us, also, on general principles, that courts must have power, in such case, to set aside its judgments after the term at which they are rendered. If they cannot, in such cases, it is difficult to conceive cases in which they can.

In *Hallett* v. *Righters*, 13 How. Prac. 43, the court set aside a judgment for the want of sufficient notice to the defendant after the lapse of a year from the rendition of the judgment. The court say:

"The remaining question is, whether the court should set aside a judgment after the lapse of one year, upon motion, for want of jurisdiction. The power of the court to do so, I think, cannot be doubted. The only limitation upon its control over its judgments is the statute, which forbids us to set aside judgments for irregularity after one year; but this does not apply to questions of right or substance."

In *Huntington* v. *Finch*, 3 Ohio St. 445–8, it was held to

be well settled in that state that a judgment may be vacated or set aside, on motion, at a term subsequent to the judgment term, for irregularity or improper conduct in procuring it to be entered. This case goes much further than we need to go in the case before us. In the case before us there has been no improper conduct, but there was a more fatal defect, there was no appellant in whose favor a judgment of reversal could be rendered.

In *Foreman* v. *Carter*, 9 Kan. 674, it was held that a void judgment might be set aside at any time on motion of the defendant.

In *Harris* v. *Hardeman*, 14 How. 334, a judgment was rendered against a defendant by default without due service of process, and was set aside at a subsequent term. Held correct.

In *Capen* v. *Inhabitants of Stoughton*, 16 Gray, 364, a judgment was set aside at a term subsequent to that of its rendition, because the jury rendering the verdict had, by mistake, put the wrong verdict into an envelope and returned it into court.

In *Edson* v. *Edson*, 108 Mass. 590, it was held that the court had the power, upon the petition of the party aggrieved, to vacate a decree of divorce, obtained at a former term against the petitioner by false testimony, on a libel of which she had no actual notice, knowledge of which was fraudulently kept from her by the other party, and of which the court had only an apparent jurisdiction, founded on his false allegations of domicil. See, also, *The Board of Commissioners of Huntington County* v. *Brown*, 14 Ind. 191.

There are other cases running through the books that would illustrate this subject, but we deem it unnecessary to bring more of them together.

It is claimed, on behalf of Deborah B. Taylor, that, as she had an assignment of the cause of action from Quartus Taylor, she could prosecute the appeal in his name, notwithstanding his death. This claim is founded on the latter part of the

twenty-first section of the code, 2 G. & H. 51, which provides that in case of any transfer of interest, other than such as arises from death, marriage, or other disability of a party, "the action shall be continued in the name of the original party; or the court may allow the person to whom the transfer is made to be substituted in the action." This, however, must be construed to mean that when such transfer of interest is made, the action may be continued in the name of the original party, if he be living. It was evidently not the intention of the legislature that the action might be continued in his name after he was dead.

For these reasons, we are of opinion that the prayer of the petition must be granted.

It will therefore be ordered and adjudged by the court that the judgment of reversal and for costs, heretofore rendered in said cause, be set aside, vacated, annulled and held for nought as if the same had never been pronounced or entered.

NOTE.—DOWNEY, C. J., did not sit on the hearing of this petition.