## GLADDIS *v.* CLEGG.

### [79 South. 811, Division B.]

SEQUESTRATION. *Bonds. Death of animal.*

> Sureties on a sequestration bond (executed under section 565 of the Code of 1906)—(Hemingway's Code, section 325), are not liable for the value of a mule which was bonded by the defendant in the case, and which died before the final decree was rendered, without any fault of either of the parties.

APPEAL from the chancery court of Jones county. ·
HON. G. C. TANN, Chancellor.

Action between B. C. Gladdis and W. F. Clegg. From a decree for Clegg, Gladdis appeals.

The facts are fully stated in the opinion of the court.

*D. B. Cooley,* for appellant. ·

Section 565, Code of 1906, provides, among other things: "That if a forthcoming bond be given, it shall be returned with the writ and filed in the cause, and in case the property shall not be delivered or forthcoming, to abide the decree, shall have the force and effect of a judgment," and "execution may issue thereon against all of the obligors for the amount of the decree, or for the value of the property, according to the nature of the case."

The bond was for two hundred and fifty dollars, double the value of the mule involved, and was filed in the case, as provided by statute.

In the case of *Bomar* v. *Meeks,* 64 So. 833, 106 Miss. 870, it is held that this section governs liability on sequestration bonds, such as the one involved in this case.

So I submit that the chancellor was without authority to amend the statute so as to provide for nonliability of the sureties in a case where a gray mule was bonded and died before the case was tried in the lower court.

And I further submit that not only should the case be reversed, but that judgment should be entered in the supreme court against all of the obligors in the bond for the sum of one hundred and twenty-five dollars, as shown by the officer's return on page 34 of the record, as being the value of the mule, and of the date of the decree in the court below.

*L. M. Burch,* for appellee.

In his brief, the attorney for the appellant attempts to treat this cause as a suit in replevin, which it is not, this case has to do with personal property, including live stock, that was seized upon a writ of sequestration issuing out of the chancery court of the second district, Jones county, Mississippi. The original bill does not even allege ownership or immediate right to the possession of the property here in question by the complainant, but prays that a writ of sequestration issue for the purpose of holding the property safely within the jurisdiction of the said court.

Between the time that the defendant gave bond as an assurance that the said property would be forthcoming at the next regular term of the said court, and the time of the hearing of this cause before the chancellor, one of the mules dies from natural causes and by and through no fault of the defendant. There is no controversy as to this. If this was a suit in replevin there would be no question of the obligors' liability on the bond in question. This question has been definitely settled in this state in the *Hewlett case,* 70 Miss. 1, which held that the sureties on a replevin bond were liable for a piano and other personal property that was destroyed by fire without any fault of the obligors. The Hewlett case, in express terms, overruled the *Whitfield. v.Whitfield case,* 44 Miss. holding to the contrary. The Hewlett case was based on a suit in replevin, however; Judge COOPER said in that case: "The cases of *Young v. Pickens,* 45 Miss.; *Irion v. Hume,* 50 Miss. 419; and

*Atkins* v. *Foxworth,* 53 Miss. 741, stand upon entirely different principles. These were cases of attachment or execution levied upon property in which bond had been executed for the forthcoming of the property, and the property was lost without any fault of the obligors. There was no precedent wrong or trespass by which the property was taken from the owners, and the liability of the obligors rested wholly upon contract, the performance of which having been rendered impossible without fault on the part of the obligors, were held to be discharged.'' And in this case the property was seized by a writ of sequestration or attachment in chancery merely to hold the property subject to future orders and decrees of the court, and was never seized by virtue of a claim that the property was wrongfully restrained and held by the defendant, from the appellant, the rightful owner of same, therefore, there was no precedent wrong or trespass by which the property was taken from the appellant, etc. This cause comes clearly within the rules laid down in the *Young,* and the *Irion* and the *Atkins cases, supra,* and the chancellor was manifestly right in relieving the obligors on the bond in question from liability upon ground that the mule in question died from natural causes and by no fault of the obligors.

*S. Freeman,* for appellee.

It appears that the only question arising on this appeal is as to the action of the court below in relieving the bondsmen of the liability for one dead mule described in the decree as being "One grey mare mule" of the value of one hundred and twenty-five dollars.

We admit that section 565 of the Code of 1906, governs the liability on sequestration bonds, however *Homer* v. *Meeks,* 64 So. 833, in our opinion, does not settle the point at issue in the case at bar; as a matter of law, the court below might be in error, but, as

a matter of right, we think the court was correct for the reason that the writ of sequestration was for the purpose of preserving the property; the absolute right of appellee, defendant below, to bond the property is not, and cannot be, questioned; then, if it is shown that the death of the mule was from natural causes and no fault of the appellee's, and I submit that this was shown conclusively, then the only measure of damages that could rightfully, and in keeping with equity and justice, be assessed against appellee would.be the rental value or use of the mule from the time it was bonded until its death, because its death, as shown by the evidence was brought about by a power over which no human had control, and would therefore have happened under any other circumstances.

I submit, in the first place, that the case, as a matter of equity and right, ought to be affirmed, and if not affirmed, then that it should be reversed and remanded, or judgment reduced to one hundred dollars. We.are unable to see just how or in what manner this Honorable Court can arrive at the identity of the dead mule or what sureties, if any, are responsible therefor.

STEVENS, J., delivered the opinion of the court.

It is conceded by counsel that the only question to be determined on this appeal is whether the sureties on a sequestration bond executed under section 565, Code of 1906 (section 325, Hemingway's Code), are liable for the value of a certain mule, which was bonded by the defendant in this case and which died before the final decree was rendered, without any fault of either of the parties. It was ruled in *George* v. *Hewlett*, 70 Miss. 1, 12 So. 855, 35 Am. St. Rep. 626, that in an action of replevin for property wrongfully taken or withheld, the obligors on the replevin bond executed by the defendant are liable for property destroyed by fire after the execution of the bond. But the reasoning of

the court in that case was based not only upon the
language of the statute, but upon "the original wrong.
of the defendant in taking or withholding the property
of the plaintiff," and, as stated in the opinion, "the
cases of *Young* v. *Pickens,* 45 Miss. 553, *Irion* v. *Hume,*
5 Miss. 419, and *Atkinson* v. *Foxworth,* 53 Miss. 741,
stand upon totally different principles." Our court
differentiated the cases last named.

In the present case the property bonded was lawfully
in the possession of the defendant at the time the bill
of complaint was filed, and, as further stated by the
court in *George* v. *Hewlett,* in differentiating that case
from cases of attachment or execution upon property,
there was in this case "no precedent wrong or trespass
by which the property was taken from the owner, and
the liability of the obligors rested wholly upon the
contract, the performance of which" has been rendered
impossible, without fault on their part, by the death of
the mule.

It is contended by the complainants that the statute.
which here controls, authorizes the alternate judgment
for the value of the property bonded; but, as stated by
our court in *Irion* v. *Hume, supra:*

"If the attachment creditor could not take judgment
for the slaves as property, he could not recover for their
value. . . . If there was no property subject to the
plaintiff's debt, there could be rightfully no assessment
of value, nor could there be judgment for the sum so
determined."

At the time the bond was executed in this case the
condition of the bond was entirely possible, but when the
final decree was rendered the condition of the bond had
been made impossible, and that through no fault of the
obligors. We think the learned chancellor reached the
right result, and the decree appealed from will accord-
ingly be affirmed.

*Affirmed.*