Dawson v. Mays.

Opinion delivered June 11, 1923.

1. Dower—divorce—A divorced wife is not entitled to dower.

2. Divorce—disposition of property.—A decree of divorce which provides that "all property not disposed of at the commencement of this action which either party hereto obtained from or through the other during the marriage" shall be restored, refers only to the separate property of the parties.

3. Divorce—allowance in lieu of dower.—In a divorce proceeding an allowance in lieu of dower must be made in the divorce proceeding, and cannot be made in a subsequent proceeding.

4. Dower—annulment of divorce.—Where a wife procured a decree of divorce from her husband in his lifetime, she will not be heard, after his death, to ask for its annulment at the same term of court, in order that she may receive dower in his estate.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; affirmed.

*J. C. Brookfield,* for appellant.

The decree of the chancery court was valid, and, this record not showing what evidence was heard by that court, all presumptions are in favor of its decree, which cannot be attacked collaterally. Sec. 3504, C. & M. Digest; 28 N. Y. Civ. Proc. 332; 57 N. Y. Supp. 901; 134 Cal. 426; 66 Pac. 572; 101 Ark. 390; 94 Ark. 519. The chancery court had jurisdiction by personal service upon defendant, and if it rendered a decree or order after the death of defendant and without service upon his administrator, then our statute provides that relief can only be had in the court which granted the order. C. & M. Digest, § 6290, sub. 6; 63 Ark. 323; 107 Ark. 41; 33 Ark. 454. The administrator cannot attack the order

except in the court making it. 23 Cyc. 912, 914. The chancery court retained jurisdiction, and could adjudicate property rights of the parties. C. & M. Digest, § 3511; 64 Ark. 518; 94 Ark. 487. Last order made at same time divorce granted. C. & M. Digest, § 2187; 153 Ark. 206. Appellant was entitled to widow's allowance.

*P. R. Andrews,* for appellee.

Chancery court was without power to make an order long after divorce granted and after the husband's death, setting the decree aside and permitting the wife to claim dower in deceased's estate. 60 L. R. A. 301; 13 Gray 209; 40 Pa. 151; 52 Hun 102; 5 N. Y. Supp. 90; 153 Ark. 206; 111 U. S. 523; 59 Ark. 441. Rights of wife should have been determined in decree granting divorce and matter *res judicata* afterwards. 77 Ark. 379; 135 Ark. 43. The decree of divorce could have been annulled only on joint petition of the parties. Crawford & Moses' Digest, § 3513.

McCulloch, C. J. Appellee's intestate, John Dawson, came to his death on or about June 20, 1921, near the city of Helena, in Phillips County, where he resided. He lived on a houseboat, and his partially decomposed body was found in the boat. Letters of administration on the estate were issued to appellee by the probate court of Phillips County, and appellant, claiming to be the widow of said decedent, presented her petition for allotment of dower and for other allowances authorized by statute for the benefit of a widow. The probate court denied the claim of dower and other allowances, and, on appeal to the circuit court, a judgment was rendered there, denying appellant's claim. The case was heard in the circuit court on an agreed statement of facts, from which it appears that appellant and John Dawson intermarried in the year 1902 and lived together as husband and wife until April, 1917, when they separated, and appellant took up her residence in the city of Little Rock,

In April, 1921, appellant instituted in the chancery court of Pulaski County an action against said decedent, John Dawson, to procure a decree for divorce on the ground of desertion. Dawson was summoned, but made default, and the chancery court rendered a decree in appellant's favor on May 19, 1921, dissolving the bonds of matrimony. The decree contained a formal recital to the effect that "all property not disposed of at the commencement of this action, which either party hereto obtained from or through the other during the marriage, hereby annulled, and in consideration or by reason thereof, be restored to them, respectively," and that "the court doth retain control of this cause for such further orders and proceedings as may be necessary to ascertain definitely, and enforce, the rights of the parties hereto in the property herein referred to." There was no ref· erence in the decree to an allowance of alimony or an allowance in lieu of dower.

The partially decomposed body of John Dawson was found, as before stated, in his houseboat in Phillips County, and the agreed statement of facts recites that Dawson came to his death on or about June 20, 1921. .

There were no children of the intermarriage between John Dawson and appellant, and she claims one-half of the estate as dower.

On August 3, 1921, appellant filed in the Pulaski Chancery Court her petition asking that the decree of divorce theretofore entered be set aside and the action dismissed. It was alleged that decedent left his mother as his only heir at law, who was a nonresident, and a warning order was issued and published warning her to appear in the proceeding. The ground set forth in the petition to set aside the decree was that the body of decedent was so decomposed at the time it was discovered that it was impossible to determine whether or not he was dead at the time the divorce decree was rendered. The court heard the petition on September 28, 1921, which was during the same term of court at which the

original divorce decree was granted, and entered an order setting aside and vacating the decree for divorce and permitting the plaintiff (appellant) to take a nonsuit. Appellant thereupon filed her petition, as before stated, in the Phillips Circuit Court.

We are of the opinion that the probate court, and the circuit court on appeal, were correct in denying appellant's claim that she was the widow and entitled to dower in the estate of John Dawson. A divorced wife is not entitled to dower. *Wood* v. *Wood,* 59 Ark. 441; *Kendall* v. *Crenshaw,* 116 Ark. 427; *Gwynn* v. *Rush,* 143 Ark. 4. There was no application in the divorce proceeding for an allotment of property in lieu of dower pursuant to statute (Crawford & Moses' Digest, § 3511), and the court rendered no decree on that subject. The formal reservation was with reference to separate property, and there was none shown to have been owned by appellant. Such an allowance in lieu of dower must be made in the divorce proceeding, and cannot be made in a subsequent proceeding. *Taylor* v. *Taylor,* 153 Ark. 206.

It appears from the record that the parties were divorced by a valid decree, which could not be vacated at the instance and request of the party who obtained it, after the death of the other party. The prevailing rule of law on this subject is stated as follows:

"The doctrine followed with practical unanimity is that a party who has obtained a divorce is precluded from disregarding it and attempting, by further proceedings, to gain the same or different relief, on the principle, mainly, that the first divorce must be held to dissolve the relation of husband and wife, and also on the ground that a person who had invoked the jurisdiction of a court may not disregard or attack the decision." Note (p. 301) to case of *Karren* v. *Karren,* 60 L. R. A. 294.

A court of record has inherent power to set aside its own judgments or decrees during the term at which the same were rendered, but a party to an action who has

obtained such a decree may not be in a situation to ask for or to receive the benefit of the annulment of the former judgment or decree, and such is the present case, for the plaintiff, by her own voluntary act, procured a decree for divorce, and, after the death of her husband, she cannot change her own status with reference to her former husband by causing the decree to be set aside and her status as wife reestablished. The question involved is not one of the power of the court, but as to the right of appellant to thus change her status after the death of her former husband from whom she had secured a decree for divorce.

The judgment is therefore affirmed.