Owen *v.* Abraham

No. 40878 May 5, 1958 102 So. 2d 372

*Thos. L. Wallace,* Biloxi, for movant.

*Morse & Morse,* Gulfport, for movee.

LEE, J.

## ON SUGGESTION OF LACK OF JURISDICTION

This is a suggestion by the appellee that this Court is without jurisdiction to hear and consider this appeal. The question arises out of the following background:

On November 30, 1956, after hearing the evidence, the chancellor, by order, took the cause under advisement for decree in vacation. Thereafter on March 19, 1957, he rendered a written opinion, noting that the defendant, Mitchell Owen, died on December 4, 1956, and held that alimony in the sum of $4,500, less such monthly payments as had been paid, should be awarded to the complainant against "the defendant and/or the defendant's estate". The final decree of date of March 27, 1957, awarded to the complainant in gross $4,000, against "the defendant and the defendant's estate". On March 28, 1957, Morse and Morse, attorneys, on behalf of the "defendant" gave notice to the court reporter to transcribe his notes for an appeal to this Court; and the same attorneys the next day, on behalf of the "defendant" prayed for an appeal to this Court. On April 29, 1957, the clerk approved a cost bond in the sum of $500, signed "Mitchell Owen by S. E. Morse, Atty., Principal" with two sureties, for an appeal to this Court.

The appellee suggests that this Court is without jurisdiction because the appeal bond is defective in that the principal on the bond, Mitchell Owen, died on December 4, 1956, and that an appeal bond cannot be executed by a dead man.

Counsel for the appellant, in contesting the motion, says that, at the time of the rendition of the decree against Mitchell Owen and his estate, an executor of the estate had been duly appointed by the chancery court of Harrison County and was duly serving as such, but that the appellee made no attempt to revive the action against the executor.

This is not a case where the defendant died between verdict and judgment. Section 1459, Code of 1942 Recompiled. The defendant was dead, and it was so noted, when the chancellor rendered his opinion. Neither is this a case where the defendant died after judgment. Section 1461, Code of 1942 Recompiled. In addition,

there is no way to perfect the appeal under Section 1968, Code of 1942 Recompiled.

██ █ Inasmuch as the defendant died before the chancellor reached a decision, the cause should have been revived against the duly acting executor.

Griffith's Mississippi Chancery Practice, Section 591 says in part: "In order that there may be any decree for the complainant it must be shown in proof that he actually has the interest upon which he sues, and the defendant must be shown, at least by the pleadings, to have some germane litigious concern therein. It follows from this rule, even if there were no other, that litigation is not to be carried on by or against any deceased person. The impossibility of such a thing is apparent however upon its mere mention. There must be revivors in such suits or else further proceedings therein amount to nothing. Thus, if a defendant die during pendency of a suit and there is no revivor or amendment, but only an unwarranted effort to carry on the suit by substituting a new party to the suit,—not one claiming by or under the former defendant,—the proceeding is entirely erroneous." Section 620 of the same text says in part: "And likewise a decree rendered against a defendant after his death is void, if he was the sole defendant or was an indispensable party to the suit—although the interlocutory decree were rendered while he was alive." Parker v. Horne, 38 Miss. 217; Tarleton v. Cox, 45 Miss. 430; Young v. Pickens, 45 Miss. 553.

 This Court has no jurisdiction because the final decree and subsequent proceedings amount to a nullity.

The appeal is therefore dismissed, but without prejudice to any right of the appellee to revive the action.

Appeal dismissed.

*Roberds, P. J.,* and *Hall, Holmes* and *Ethridge, JJ.,* concur.