ROBERTSON, Justice:
The appellant, Willie Roberson Wells, as guardian, mother, and next friend of Noath Roberson, Jr., Mary Elvin Roberson, and Otha Lee Roberson, minor children of Noath Roberson, deceased, has appealed to this Court from a decree of the Chancery Court of Jackson County denying her petition to set aside its decree of December 30, 1966, which decree had can-celled and held for naught a final decree of divorce rendered on December 16, 1966, divorcing Sallie Bell Roberson and Noath Roberson.
On November 30, 1966, Sallie Bell Roberson filed a bill of complaint for divorce against Noath Roberson, charging him with wilful, continued, and obstinate desertion for a period of more than one year, that is, since June 10, 1962. The bill was made returnable to the December 1966 term of the court. The defendant, Noath Roberson, waived service of process and entered his appearance by sworn instrument filed on December 1, 1966. The court tried the case on December 16, 1966, and on that day entered a final decree of divorce finding that the court had jurisdiction of the subject matter and the parties, that no children were born of the marriage, and that the defendant had been guilty of wilful, continued, and obstinate desertion of the complainant for the space of more than one year. The final decree of divorce was filed and recorded by the clerk on December 16, 1966.
Noath Roberson died on December 27, 1966, as the result of an accident. On December 30, 1966, the last day of the December 1966 term of court, the complainant’s attorney, Charles V. May, III, signed and filed on her behalf an unsworn motion to
“cancel, set aside and hold for naught the final decree entered in this cause on December 16, 1966, for the following reason: (1) Subsequent to the entry of such decree, the Complainant and Defendant had a complete reconciliation and resumed and continued to live and cohabit as husband and wife.”
This was an ex parte motion, and no notice of any kind was given to any of the heirs at law of Noath Roberson or to his legal representative.
*921 On that same day the court heard the motion and took testimony from Sallie Bell Roberson, the successful complainant in the divorce action of December 16, and two other witnesses. The court on that same day, December 30, 1966, entered a decree reciting:
“[F]or the reasons as set forth in the motion that thereafter the parties immediately reconciled and went back to living together and the Court having now heard testimony on the motion and heard the testimony of both the complainant and two other witnesses, to-wit: the father of Noath Roberson and his stepmother who helped raise him, the Court finds from said testimony that immediately [after] the divorce decree was signed that the parties went back to living together and continued to live together and wanted the decree for divorce set aside.
“IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the decree for divorce signed on a former day of this Term, to-wit: the 16th day of December, 1966, be and is hereby set aside, cancelled and held for naught for the reasons above indicated and the cause continued for the term.”
The December term of court was thereafter adjourned on December 30, 1966.
On April 28, 1967, Willie Roberson Wells, a former wife of the deceased, Noath Roberson, acting as guardian, mother, and next friend of their three minor children, filed a petition to vacate and set aside the decree of December 30, 1966.
Four grounds for cancellation were advanced by petitioner:
1.The court did not have jurisdiction to vacate its final divorce decree of December 16, 1966 (rendered at the instance of the then complainant, Sallie Bell Roberson) on ex parte motion of Sallie Bell Roberson made three days after the death of Noath
Roberson, when no proceeding had been filed during the lifetime of Noath Roberson to vacate the divorce decree.
2. Section 2747 Mississippi Code 1942 Annotated requires “the joint application of the parties,” setting up reconciliation in order to authorize the revocation of a divorce decree.
3. Sallie Bell Roberson was estopped to have the decree of divorce of December 16, 1966, set aside after the death of Noath Roberson on December 27, 1966, she not having filed any proceeding to vacate such decree during his lifetime.
4. The four children (three of whom were minors) of Noath Roberson, deceased, were his sole and only heirs at law and could not be deprived of valuable property rights in his estate without notice and on an ex parte motion filed three days after the death of Noath Roberson.
On June 21, 1967, the court entered a decree denying the petition to vacate the decree of December 30, 1966, the court holding that as a matter of law the divorce decree entered by the court on December 16, 1966, was in fieri during the entire December 1966 term of court and that the court had the inherent right to revoke the divorce decree at any time during that term of court on application of either or both parties or even ex mero motu.
The court' found that no notice of any kind was given to, and no process had on, any of the heirs at law or the legal representative of Noath Roberson with reference to the motion of December 30, 1966, to set aside the decree of December 16, 1966. The court further found as a fact that the decree of December 16, 1966, was duly recorded on the minutes of the Jackson County Chancery Court on December 16, 1966; that the court in rendering its decree on June 21, 1967, did not hear any testimony nor consider any matters set out *922 in the petition or the answer of the respondent other than that the court had the inherent power to set aside the decree of December 16, 1966, at any time prior to the adjournment of the December 1966 term of court.
The appellant assigns as error the following :
1. The refusal of the chancery court to vacate a decree setting aside a valid divorce decree on the ex parte motion of the successful complainant made after the death of the divorced defendant.
2. The refusal to vacate a decree entered on the ex parte application of the successful complainant setting up reconciliation where such application was made after the death of the divorced defendant.
3. The refusal to vacate a decree rendered after the death of a divorced defendant without notice to his heirs or legal representative.
4. The refusal to vacate a decree setting aside a valid divorce decree on the ex parte motion of the successful complainant, she being estopped by her own conduct in cohabiting with the divorced defendant after the entry of the divorce decree and not having filed any such motion during the lifetime of the divorced defendant.
5. The refusal to vacate a decree entered on incompetent testimony for the purpose of establishing the divorced complainant as an heir of the deceased divorced defendant.
Nearly 150 years ago, this Court ruled, in the case of Gerault v. Anderson, 1 Miss. (Walker) 30 (1818), “that on the death of the party his interest ceases, and the jurisdiction of the court ceases also.” (Emphasis added).
In Parker v. Horne, 38 Miss. 215 (1859), this Court held that a judgment against a dead person is a nullity. Over the years this Court has consistently so ruled every time the question has arisen. See Tarleton v. Cox, 45 Miss. 430 (1871), and Young v. Pickens, 45 Miss. 553 (1871).
In Owen v. Abraham, 233 Miss. 558, 102 So.2d 372 (1958), this Court struck down as a nullity a decree rendered after the death of the defendant in a divorce action. Quoting from Griffith, Mississippi Chancery Practice sections 591 and 620, the Court said:
“ ‘ * * * It follows from this rule, even if there were no other, that litigation is not to be carried on by or against any deceased person. The impossibility of such a thing is apparent however upon its mere mention. There must be revivors in such suits or else further proceedings therein amount to nothing. Thus, if a defendant die during pendency of a suit and there is no revivor or amendment, but only an unwarranted effort to carry on the suit by substituting a new party to the suit, — not one claiming by or under the former defendant, — the proceeding is entirely erroneous.’ Section 620 of the same text says in part: ‘And likewise a decree rendered against a defendant after his death is void, if he was the sole defendant or was an indispensable party to the suit — although the interlocutory decree were rendered while he was alive.’ ” (Id. at 561, 102 So.2d at 373) (Emphasis added)
The Supreme Court of Arkansas, in Dawson v. Mays, 159 Ark 331, 252 S.W. 33, 30 A.L.R. 1463 (1923), well and succinctly stated the very sound and cogent reasons why a successful complainant in a divorce action could not have the divorce decree set aside after the death of the defendant, when it said:
“It appears from the record that the parties were divorced by a valid decree, which could not be vacated at the instance and request of the party who obtained it after the death of the other *923 party. The prevailing rule of law on this subject is stated as follows:
“ ‘The doctrine followed with practical uniformity is that a party who has obtained a divorce is precluded from disregarding it and attempting by further proceedings to gain the same or different relief, on the principle, mainly, that the first divorce must be held to dissolve the relation of husband and wife, and also on the ground that a person who had invoked the jurisdiction of a court may not disregard or attack the decision.’ Note (p. 301) to case of Karren v. Narren, [25 Utah 87, 60 P. 465,] 60 L.R.A. 294.
“A court of record has inherent power to set aside its own judgments or decrees during the term at which the same were rendered; hut a party to an action who has obtained such a decree may not be in a situation to ask for or to receive the benefit of the annulment of the former judgment or decree, and such is the present case, for the plaintiff by her own voluntary act procured a decree for divorce, and after the death of her husband she cannot change her own status with reference to her former husband by causing the decree to be set aside and her status as wife reestablished. The question involved is not one of the power of the court, but as to the right of appellant to thus change her status after the death of her former husband from whom she had secured a decree for divorce.” (Id. at 334-335, 252 S.W. at 34, 30 A.L.R. at 1465) (Emphasis added)
In the United States where no ecclesiastical courts were established, it was considered not within the jurisdiction of equity to grant divorces in the absence of a constitutional provision or statutory enactment. Divorce in Mississippi, therefore, is purely and simply a creature of statute. The revocation or setting aside of divorce decrees is also governed entirely by statute. Section 2747 Mississippi Code 1942 Annotated (1956) sets forth the procedure that must be followed as a condition precedent to revoking a decree of divorce on reconciliation of the parties. Section 2747 provides:
“The decree of divorce from the bonds of matrimony may be revoked at any time by the court which granted it, under such regulations and restrictions as it may deem proper to impose, upon the joint application of the parties, and upon the production of satisfactory evidence of their reconciliation.” (Emphasis added)
This statute was first enacted in 1857 as a part and parcel of the statutory scheme of divorce. It mandatorily requires the joint application of the parties and the production of satisfactory evidence of their reconciliation before the decree may be revoked.
With reference to rights granted by statute, we said in Price v. Price, 202 Miss. 268, 272-273, 32 So.2d 124, 125-126 (1947):
“The power or authority or jurisdiction to grant a divorce in this country depends solely upon statute, and is not derived from the common law. 27 C.J.S., Divorce, § 69, page 629 et seq.; 17 Am. Jur., p. 151. This brings into operation the well established rule that where a statute creates a right of action which did not exist at the common law and the same statute fixes the conditions upon which the right may be asserted, the conditions are an integral part of the right thus granted — are substantive conditions, the observance of which is essential to the assertion of the right. As tersely stated in United States ex rel. Texas Portland Cement Co. v. McCord, 233 U.S. 157, 34 S.Ct. 550, 58 L.Ed. 893, when a right is given solely by statute it is subject to the terms named in the statute.
>}i ‡ }jí jfc ‡
“ * * * The rule is that when a special and particular statute deals with *924 a special and particular subject, its particular terms as to the special subject control over general statutes dealing with the subject in general.” (Emphasis added)
Precisely the same reasoning applies to the right granted by statute to revoke a divorce decree. The conditions are an integral part of the right thus granted, and the meeting of the conditions imposed is essential to the assertion of the right.
For fourteen days after divorce was granted on December 16, 1966, the final decree remained unchallenged on the minutes of the chancery court. After the death of the defendant on December 27, 1966, and after it became known that his estate would be entitled to $4,000 insurance, Sallie Bell Roberson, the third wife of the deceased and the successful complainant in the divorce action, suddenly and without notice came into court on an unsworn motion signed by her attorney alleging simply that there had been a reconciliation and cohabitation after the granting of the divorce and that she was entitled to have the divorce decree set aside and held for naught. It would open the doors to all kinds of fraud to allow a successful complainant in a divorce action to make such a motion, to have an immediate ex parte hearing thereon, and then to have the divorce decree set aside so she could again become an heir of her deceased former husband. The general rule is that such could not be done even during the lifetime of the divorced defendant. 24 Am.Jur.2d Divorce and Separation § 471, page 594.
The decree of the chancery court, dated December 30, 1966, is reversed and the final decree of divorce, dated December 16, 1966, is reinstated.
Reversed and rendered.
ETHRIDGE, C. J., and JONES, BRADY, and INZER, JJ., concur.